CHARLES L. HANCOCK, administrator, vs. FRANKLIN INSUR-
ANCE COMPANY.

In an action by an administrator against an insurance company, the declaration alleged
that the defendants made to the plaintiff's intestate a policy of insurance against fire
on a dwelling-house situated on C. Street; that in 1849, before the expiration of the
policy, the house was destroyed by fire; and that the defendants had notice of the loss.
The plaintiff filed interrogatories to the president of the defendants, asking him to state
whether it appeared by their records that a policy against fire, which had not expired in
December 1849, was issued in that year to the plaintiff's intestate on a dwelling-house
on C. Street, either on lot 2 or lot 4, according to a plan of lots; and whether the plain-
tiff's intestate ever notified the defendants of a loss under the policy. *Held*, that the
interrogatories, so far as they were relevant, must be answered.

In an action against an insurance company to recover for a loss under a policy, interrog-
atories filed to their president which do not inquire for official information, but as to
his personal knowledge and admissions concerning the matter in suit, need not be an-
swered.

Whether a party to a suit, who has filed interrogatories under the Gen. Sts. c. 129, § 46, can
file further interrogatories on the same subject matter, is discretionary with the court.

CONTRACT by the administrator of the estate of John Han-
cock, Jr. Writ dated January 1, 1869. The first count of the
declaration was for money had and received to the use of the
plaintiff's intestate ; and the second count was as follows : "And
the plaintiff further says that the defendants made to said John
Hancock, Jr., in his lifetime, a policy of insurance for the sum of
$1700, on a wooden dwelling-house, situated on Church Street in
the town of Somerville, against the perils of fire, and before the
expiration of said policy the said house was totally destroyed by
fire, in the year 1849, and the defendants had notice of said loss
and were bound by the terms of said policy to pay the amount of
said loss, and the defendants owe the plaintiff therefor the sum of
$1700 and interest thereon." The answer denied all the allega-
tions of the declaration, and set up the statute of limitations to
both counts.

The plaintiff filed fifteen interrogatories to William M. Byrnes,
now president, and formerly secretary of the defendants, eight of
which were answered, and the remaining seven were as follows :

"*Int.* 9. State whether or not it appears by the records of the
Franklin Insurance Company that a policy of insurance against
loss or damage by fire, which by its terms had not expired in De-

cember 1849, was issued, during the year 1849 or thereabouts, to said John Hancock, Jr., on a dwelling-house in Church Street, Somerville, either on lot 2 or 4 according to a plan of lots ? If so, annex to your answer a copy of said policy. *Int.* 10. Did the said John Hancock, Jr., ever notify the said insurance company of a loss under said policy ? *Int.* 11. Do you or not know that a loss or a total loss occurred under said policy ? *Int.* 12. Do you recollect ever mentioning to any person that the said insur- ance company owed to said John Hancock, Jr., or his estate, for the loss occurring under said policy ? *Int.* 13. Do you recollect admitting, in a conversation with the plaintiff in this suit, and whilst you were an officer of said insurance company, that a loss or a total loss had occurred under said policy ? *Int.* 14. Do you recollect having a conversation with the plaintiff in this suit, about a loss occurring under said policy, and about said policy in general ? And if so, state when it was and what was said. *Int.* 15. If you know a loss or a total loss occurred under said policy, do you know of any reason why it was not paid ? "

As to these seven interrogatories, the defendants submitted to the court " whether they should answer the same, inasmuch as the declaration does not state with sufficient certainty what house of the plaintiff's intestate is claimed by the plaintiff to have been insured by the defendants, and the interrogatories inquire gener- ally with regard to a policy made by the defendants upon houses of the plaintiff's intestate, and are not confined to the particular house or policy set forth or referred to in the declaration, or to any particular house, and appear to be merely fishing interroga- tories, in relation to matters which took place twenty years ago, and are otherwise improper and irrelevant."

The plaintiff moved that the defendants be ordered to answer them, and in support of his motion filed an affidavit " that, at or about the time of the commencement of this suit, the president of the defendants, in conversation with him, admitted that a pol- icy had been issued by the company to his intestate on a house in Church Street in Somerville, and that a loss had occurred under the policy and had never been paid ; that he has made diligent search among the papers of his intestate for the policy, but can

find none, and believes that the same has been lost or destroyed; that his intestate did own a house and land on Church Street in Somerville, and the house was destroyed by fire ; and that the lot of land on which the house stood was numbered either 2 or 4, according to a plan of lands on said street." But *Chapman*, C. J., ruled that the defendants need not answer the seven interrogatories.

The plaintiff then filed six further interrogatories, relating to the same subject matter as the first eight of the former set, all of which eight, it was admitted, had been substantially answered ; the defendants refused to answer these further interrogatories ; and on the motion of the plaintiff that they might be ordered to do so, the chief justice ruled that they need not answer them. The plaintiff alleged exceptions, which were allowed ; and the case was reserved for the full court, such judgment to be entered therein as they should direct.

*G. W. Phillips*, for the plaintiff.

*C. A. Welch*, for the defendants.

CHAPMAN, C. J.   The court are of opinion that the ninth and tenth interrogatories ought to be answered. The second count sets forth a policy of insurance, describing it ; also a loss, a notice to the defendants, and a liability to pay.   The answer denies the allegations, and sets up the statute of limitations.   The plaintiff is not obliged to file a replication to the answer, unless he shall be ordered to do so hereafter ; but he is authorized by the Gen. Sts. *c.* 129, § 46, to file interrogatories, as therein provided, at this stage of the case.   The ninth interrogatory is apparently too broad ; but interrogatories are not to be treated with unnecessary strictness, and so far as this interrogatory may include matters not relevant to the case as stated in the declaration, the defendant is not bound to answer it, and may confine his answer to what is relevant.

The other five interrogatories do not appear to call for any official information from Byrnes, as president or secretary of the company, and apparently inquire as to his personal knowledge of such facts as he could only state as a witness on the stand, or in a deposition.   The court are of opinion that the plaintiff is not entitled to have them answered.

As to the six additional interrogatories, the statute gives a party the right to interrogate his adversary but once. He has no right to pursue him with fresh interrogatories as often as he may think fit. But by a liberal construction of the statute the court may allow interrogatories to be amended, and may also in their discretion permit new interrogatories to be filed. A decision of Mr. Justice Hoar, when a judge of the court of common pleas, has been generally accepted as a correct interpretation of the statute, and well expresses the opinion of the court: "A plaintiff cannot, as a matter of right, file successive sets of interrogatories to a defendant, and require answers under oath. But the court will, as a matter of discretion, allow supplemental interrogatories to be filed, and require them to be answered, where new and unexpected facts are disclosed in the answers, or where, for some reason not involving neglect on the part of the interrogator, he has failed to obtain the information sought by his interrogatory." *Fowle* v. *Gardner,* 14 Law Reporter, 456. The court do not think this a case in which their discretionary power to permit additional interrogatories to be filed should be exercised.

*Ninth and tenth interrogatories to be answered so far as they relate to the case stated in the declaration.*