MARSHALL WETHERBEE, administrator, *vs.* GEORGE C. WIN-
CHESTER.

Worcester.   Jan. 7. — Feb. 27, 1880.   COLT & LORD, JJ., absent.

Under the Gen. Sts. *c.* 129, § 46, a defendant is bound to answer interrogatories as
to such matters only as tend to support the plaintiff's claim, and not as to mat-
ters which relate exclusively to his own defence.

If matters which a defendant is not, as well as matters which he is, bound to answer,
are included in a single interrogatory, under the Gen. Sts. *c.* 129, § 46, he is not
required to take the risk of separating the two; and cannot, under a general
order to make further answers, with which he has complied in apparent good
faith, be defaulted for imperfections in such answers, without a specific order
of the court as to the particulars in which they are insufficient, and opportunity
to amend them.

If, after interrogatories to a defendant, under the Gen. Sts. *c.* 129, § 46, have been
filed and answered, an additional interrogatory is filed without leave of court,
the defendant cannot be defaulted for not answering it.

CONTRACT by the administrator of the estate of Milton Lane,
deceased, for the balance of a mutual account between the de-
fendant and Lane.

In the Superior Court, on May 21, 1878, the plaintiff filed in-
terrogatories to the defendant, under the Gen. Sts. *c.* 129, § 46,
one of which was as follows: "State whether or not you have an
account with the plaintiff's intestate upon your books; and, if so,
state what balance, if any, is shown due to the plaintiff's intes-
tate by your book account, and annex a copy of said account to
your answer to this interrogatory."   To this interrogatory the
defendant answered as follows: "I have an account of charges
upon my books against the said Milton Lane, and an account of
sums which I have credited him for the lumber which he sawed
for me and merchandise sold by him to me, and the balance due
to him upon my books is about $300; but this sum, by agree-
ment, is to be applied in part payment of certain notes held
by me against said Lane, one of which notes being for the
sum of $2500, the agreement between the said Lane and my-
self being that the balance at any time due the said Lane upon
our accounts should be applied upon and in part payment of
said notes held by me against said Lane.   My books do not
show the amount of balance without reference to the saw-mill
account."

On June 8, the plaintiff represented to the court that the defendant had not fully answered said interrogatory, in that he did not state the exact balance due the plaintiff's intestate upon the books, and did not annex a copy of his book account, nor any part thereof, to his answer; and, upon a hearing, the court ordered "fuller answer to be filed by July 15, 1878."

On October 9, 1878, the defendant, by consent, filed the following additional answer: "I have upon my various books an account of debt and credit with said Lane, and the balance due said Lane is $293.61. This balance is obtained by deducting the charges upon my books against said Lane, for money paid and merchandise sold to him by me, from the amount with which said Lane has charged me for work done as per his bill rendered. This balance is by agreement to be applied in part payment of certain notes held by me against him, the said Lane, the agreement between said Lane and myself being that the balance at any time due the said Lane upon our accounts should be applied upon and in part payment of said notes held by me against said Lane."

In October 1878, the plaintiff, without leave of court, also filed this additional interrogatory: "In your amended answer to the second of the plaintiff's interrogatories in the above entitled action, you state that, by virtue of a certain agreement with the plaintiff's intestate, any balance which was due from you to the plaintiff's intestate was to be applied upon and in part payment of certain notes held by you against said intestate. State what notes were held by you against said plaintiff's intestate, to which, under said agreement, any balance due was to be applied, and annex copies of the same to your answer to this interrogatory." The defendant had due notice of the filing of this additional interrogatory, but filed no answer.

More than ten days after the filing of the last-named interrogatory, the defendant's counsel said to the counsel for the plaintiff, that he had sent the interrogatory to his client, but had received no answer from him, but said nothing further to the plaintiff's counsel, and made the objection that said interrogatory was filed without leave of court, for the first time, when the plaintiff made the motion for default for not answering the same.

At November term 1878, before *Bacon*, J., the plaintiff moved that the defendant be defaulted for neglecting to answer properly the first interrogatory, and to annex a copy of his account with Lane to his answer to said interrogatory, and for neglecting to answer the additional interrogatory.

The defendant asked the judge to rule that he had properly answered the first interrogatory, and was under no legal obligation to annex a copy of his book account with the plaintiff's intestate, giving items of debit and credit; and, at the same time, offered to file, within such time as the court should order, a copy of all credits upon his books due to the plaintiff's intestate; and also asked the judge to rule that he was under no obligation to answer the additional interrogatory. The plaintiff made no demand for the books themselves.

The judge refused to rule as requested; and ordered that the defendant be defaulted. The defendant alleged exceptions.

*H. C. Hartwell*, for the defendant.

*G. A. Torrey*, for the plaintiff.

GRAY, C. J. Under the Gen. Sts. *c.* 129, § 46, a defendant is bound to answer interrogatories as to such matters only as tend to support the plaintiff's claim, and not as to matters which relate exclusively to his own defence. *Wilson* v. *Webber*, 2 Gray, 558. *Sheren* v. *Lowell*, 104 Mass. 24. *Baker* v. *Carpenter*, 127 Mass. 226. If he neglects or refuses to answer a proper interrogatory, he may be defaulted. Gen. Sts. *c.* 129, § 56. But if matters which he is not, as well as matters which he is, bound to answer, are embraced in a single interrogatory, he is not required to take the risk of separating the two; and cannot, under a general order to make further answers, with which he has complied in apparent good faith, be defaulted for imperfections in such answers, without a specific order of the court as to the particulars in which they are insufficient, and opportunity to amend them. *Amherst & Belchertown Railroad* v. *Watson*, 8 Gray, 529. *Hancock* v. *Franklin Ins. Co.* 107 Mass. 113. Hare on Discovery (2d ed.) 105.

In the present case, the defendant, having stated in his answers the balance of the account between the parties, was not bound to disclose the items of credit entered on his own books; for these related wholly to the matter of his own defence, by

way of payment or set-off, against the plaintiff's claim. Inde-pendently, therefore, of the question of the irregularity of the first interrogatory, as calling for copies which he was not bound to make, instead of for an inspection of the original books, the defendant was in no default with respect to that interrogatory. And he might properly disregard the additional interrogatory subsequently filed, because the court had not granted leave to file it. *Hancock* v. *Franklin Ins. Co.* above cited. The default was therefore wrongly entered, and should be set aside.

*Exceptions sustained.*