THOMAS F. NUTTER *vs.* FRAMINGHAM AND LOWELL RAILROAD COMPANY & trustee.

Suffolk.  March 14. — May 10, 1881.  COLT, LORD & DEVENS, JJ., absent.

In a trustee process, the plaintiff may put interrogatories to the trustee calculated to elicit facts which will tend to charge him, but not to contradict or impeach him.

In a trustee process, the trustee answered denying funds of the principal defendant. In answer to interrogatories, the trustee stated that he was a lessee of the principal defendant, and that an instalment of rent was due under the lease; and further stated that, after adjustment of all mutual demands between the defendant and the trustee, a certain balance was due the trustee from the defendant at the time of service of the writ. *Held*, that the plaintiff might file further interrogatories to the trustee for the purpose of ascertaining the state of the accounts between the parties; and might ask him whether he had not assigned his claims against the principal defendant before service of the writ; but could not ask whether he was not aware of this when he answered the preceding interrogatories.

MORTON, J.  This is a trustee process.  A railroad corporation, summoned as trustee, in its general answer stated that, at the time of the service of the plaintiff's writ, it had in its hands no goods, effects or credits of the principal defendant. In answer to interrogatories three and six, duly filed by the plaintiff, it stated that it was lessee of the principal defendant, and that two instalments of rent were due by it under the lease; and further stated that, " after adjustment of all mutual demands between said defendant and said trustee, a balance of more than $100,000 was due the said trustee from said defendant at the time of service."

Under our trustee process, the plaintiff cannot contradict or impeach the trustee, but he he has the right to examine him from time to time, and may put interrogatories calculated to elicit facts which will tend to charge him.  *Crossman* v. *Crossman*, 21 Pick. 21.  *Neally* v. *Ambrose*, 21 Pick. 185.  The answer of the trustee, which we have cited above, is or may be a statement of a conclusion of law rather than of fact.  Its correctness may depend upon the opinion of the trustee as to its right in matter of law to set off the debts due it by the principal defendant against the rent which it admits to be due.  The plaintiff had the right to file further interrogatories for the purpose

of ascertaining the state of the accounts between the parties, not to contradict the trustee, but to elicit and lay before the court all the facts upon which the general statement of the trustee is founded. The chief object of the eleventh, twelfth and fifteenth interrogatories, which the Superior Court ordered the trustee to answer, was to ascertain whether the trustee had assigned its claims against the principal defendant before the service of the writ upon it and before the rent accrued. To this extent, the plaintiff had a right to examine the trustee. Such examination might disclose a state of facts which would show that the trustee had not the right to set off the claims once held by it against the defendant in extinguishment of the amount admitted to be due to the defendant for rent.

We are of opinion that the trustee was properly required by the Superior Court to answer all of the three interrogatories, except the last clause of the eleventh interrogatory. This clause, which is, " Were you not aware of this when you answered interrogatories three and six? " is clearly impertinent and improper. It is an attempt to cross-examine the trustee and impeach its credit, and the trustee was justified in refusing to answer it. *Crossman* v. *Crossman, ubi supra.* As the order of the Superior Court was a single order, requiring answers to the whole of the three interrogatories, and as it was erroneous in part, the trustee's exceptions must be sustained, and the subsequent order that it be defaulted and adjudged trustee must be vacated. *Exceptions sustained.*

*R. Olney,* for the trustee.

*T. F. Nutter, pro se.*