MILES F. BRENNAN & another *vs.* ALEXANDER McINNIS
& trustee.

Suffolk.    March 10, 1899. — May 20, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Trustee Process — Answer — Interrogatories to Trustee.*

If a person summoned as trustee in a trustee process sets up in his answer an assignment to him of the moneys coming due under a contract between the defendant and a city, in consideration of certain advances, and states that, at the time of service, the defendant was indebted to him for a sum mentioned, expended by the trustee in pursuance of the contract and in excess of another sum mentioned as the amount received by the trustee, the plaintiff is entitled to have the trustee required to answer interrogatories seeking in substance an account of all the receipts and disbursements of the trustee in pursuance of the contract and assignment.

Where a person summoned as trustee in a trustee process, who sets up in his answer an assignment to him of the moneys coming due under a contract between the defendant and a city, is asked by an interrogatory filed by the plaintiff for a copy of the contract, if he has a right to refuse such demand, he can protect himself by offering to allow an inspection of it.

TRUSTEE PROCESS.    William S. Rendle, summoned as trustee, answered that, at the time of the service of the writ upon him, he had not in his hands or possession any goods, effects, or credits of the defendant ; that on or about March 1, 1897, the defendant entered into a contract with the city of Boston for the building of two wooden piers for the sum of $31,090.35 ; that the defendant applied to the trustee to advance to him the sum of $500 to secure the contract, which the trustee agreed to do on condition that the moneys coming due under the contract should be assigned to him to secure such payments, and that he should retain the moneys and have one half the net profits of the transaction for his own labor and personal attention ; and that thereupon an assignment was made by the defendant to the trustee, which assignment was set out, and was upon the following trusts :

"1. To repay and reimburse himself, the said William S. Rendle, for all moneys advanced or legal liability incurred by him during the progress of said work and in its due execution. 2. To pay and discharge all legal debts incurred in the furnish-

ing of lumber, labor, and materials to the parties furnishing the same.   3.   To deduct one half of the profits derived from said contract over and above all costs and expenses incurred in its construction, and retain the same for his own trouble and personal attention.   4.   To pay over to the said Alexander McInnis the balance of said moneys after aforesaid deductions."

The answer further alleged that the assignment was duly recorded in the office of the clerk of the city of Boston on April 3, 1897, and notice thereof given to the city; that at the time of the service of the writ upon him, the trustee had received under the assignment, from the city of Boston, the sum of $22,244.02; that at the time of such service the defendant was indebted to the trustee for cash advanced by the trustee to the defendant, and for labor and materials furnished and provided by the trustee for the defendant in pursuance of the contract and assignment in a sum equal to or in excess of $26,504.31, leaving the defendant indebted to the trustee at the time of service upon the latter; that at the time of service the contract was only partially completed, and it was not completed and final payments received by the trustee from the city of Boston until the early part of December, 1897; that the trustee was advised that no moneys were due under the assignment to the defendant until the contract was fully completed and all moneys were paid to the trustee from the city of Boston; and that he had no moneys, goods, or credits of the defendant, with the exception of those from the assignment in his hands at the time of service upon him.

In the Superior Court the trustee moved that he be discharged upon his answer.   This motion was overruled, and the trustee ordered to answer further.

The plaintiffs then filed thirty interrogatories to the trustee, seeking, in substance, an account of all the receipts and disbursements of the trustee in pursuance of the contract and assignment, the fifth interrogatory being as follows: " Will you annex to your answer to this interrogatory a copy of the contract between said McInnis and the city of Boston, referred to in your answer as trustee herein ? "

The answers of the trustee to the first four interrogatories are not material to be stated, the answer to the fifth interrogatory

being as follows : " Answering interrogatory 5, the said trustee says there is embodied in his answer already filed in this cause a copy of said contract, and he is at present unwilling to furnish another."

As to the remaining twenty-five interrogatories, " the said trustee says that he is advised by his counsel that each and every of said interrogatories has relation to an assignment set forth in the answer of the trustee already filed in this cause, and that this court decided it to be a good and valid assignment.

" And he begs to refer to his answer already filed, and says that he is further advised that all said interrogatories are incompetent and irrelevant, and he prays the court whether or not he should be obliged to answer the same."

The trustee again moved that he be discharged upon his answer, and also upon his answers to the interrogatories ; and the plaintiffs moved that the trustee be ordered to make specific answers to the interrogatories not then answered by him.

The trustee's motion was overruled, and the plaintiffs' motion was allowed, and the trustee ordered to answer by a day named; and the trustee appealed to this court.

Subsequently, upon motion of the plaintiffs, the trustee was defaulted and charged for failure to answer as required; and the trustee appealed to this court.

*P. W. Carver*, for the trustee.

*N. D. Pratt*, for the plaintiffs, submitted the case on a brief.

HOLMES, J.  So far as appears, the trustee is not chargeable, but we cannot say that if the contract between the defendant, McInnis, and the city of Boston were set forth, together with an account of all the receipts and disbursements of the trustee in pursuance of the contract and of the assignment to him, it might not appear that at the time when the writ was served there was money due from the trustee to the defendant, or even that the assignment was merely a colorable device.  It may be unlikely, but it is possible, and therefore the general course of the interrogatories was justified.  The trustee could not protect himself from further answering by stating a conclusion such as that at the time of service the defendant was indebted to him for a sum mentioned, expended by the trustee in pursuance of the contract, and in excess of another sum mentioned as the

amount received by the trustee. That the defendant was ·indebted to the trustee, and that the trustee's expenditures were in pursuance of the contract, are conclusions of law, and the plaintiffs have a right to know more specifically the facts from which the conclusions are drawn. *Nutter* v. *Framingham & Lowell Railroad*, 131 Mass. 231. *Shaw* v. *Bunker*, 2 Met. 376, 380. The interrogatories are not cross-examination in such sense as to be open to objection. They are not put for the purpose of discrediting answers which the plaintiffs are bound to take as true. If the result be to discredit the assignment to the trustee, the record discloses no objection to that. See *Neally* v. *Ambrose*, 21 Pick. 185.

It is said that, as the order to answer was a single general order, if any one of the interrogatories was improper the trustee could not be defaulted. *Nutter* v. *Framingham & Lowell Railroad, ubi supra.* See *Wetherbee* v. *Winchester*, 128 Mass. 293, 295. This suggestion has caused us some hesitation, especially with regard to the fifth interrogatory. There may be a question whether the trustee could be compelled to furnish a copy of the contract or to do more than to produce it for inspection. Compare *Wetherbee* v. *Winchester*, 128 Mass. 293, 296, with 1 Harr. Ch. Pr. (7th ed.) 322; Wyatt, Pract. Reg. 204; Wigram, Discovery, pl. 285; Dan. Ch. Pr. (4th Am. ed.) 725. And before he can be required even to produce it for inspection, it must appear that the document is in his possession or subject to his control. This does not appear in terms. But as the trustee sets up an assignment of the proceeds of the contract to himself, the inference that he has the document, or a copy of it, is so strong that it is not unreasonable to call upon him to answer so far as to deny control, if he can do so with truth; and with regard to the demand for a copy it seems that the trustee did not object to furnishing one, but, confounding the contract with the assignment, wrongly stated that he had furnished one already. If he had a right to refuse he could have protected himself by offering to allow inspection. Under the circumstances of the case we think the default should stand. A shorter and perhaps clearer reason for the result is that the default was for failure to answer certain other interrogatories which the trustee refused to answer, not for an insufficient answer to the fifth.

*Order affirmed.*