W. Russell MacAusland *vs.* Edric R. Taylor & trustee.

Suffolk.     November 11, 1914. — February 26, 1915.

Present: Rugg, C. J., Braley, De Courcy, & Crosby, JJ.

*Trustee Process,* Interrogatories to trustee.    *Interrogatories.    Practice, Civil,* Appeal.

*Whether* an appeal, taken by one alleged to be a trustee in an action begun by trustee process before final judgment is entered from an order that the trustee be defaulted for failure to obey an order of the court directing him further to answer certain interrogatories of the plaintiff, was taken prematurely, here was

---
[*] *Keating,* J.

not decided, it being determined that, even if the appeal properly was before this court, no error of law was disclosed by the record.

Although the answers of one summoned as trustee by trustee process to interrogatories propounded to him by the plaintiff must be accepted as true and cannot be contradicted, and he cannot be subjected through interrogatories to cross-examination, yet the alleged trustee can be required in answer to interrogatories to testify with reasonable minuteness as to the subject under investigation.

In an action of contract begun by trustee process where an order of the court directed the alleged trustee to answer certain of a number of interrogatories filed by the plaintiff under R. L. c. 189, § 11, which the alleged trustee refused to answer and which, respecting a large sum of money disclosed by the trustee, in answer to others of the interrogatories, to have been paid to him as attorney for the defendant, seek information with regard to whom such money was paid to by the alleged trustee, as to whether the trustee rendered an accounting to the defendant and a copy of such accounting if rendered, and as to the amount which the alleged trustee charged the defendant for his services, an appeal by the alleged trustee from the order will not be sustained, although in answer to another interrogatory the alleged trustee has stated that before the service of the writ upon him "the entire balance remaining" in his hands "was paid over in full to the principal defendant" with the exception of a sum equal to one half of the amount claimed by the plaintiff, which was held back to be paid to him; because the plaintiff is not bound to accept such a bald assertion by the trustee, and it does not appear that such interrogatories were in the nature of cross-examination nor intended to elicit answers contradictory to answers already given.

CONTRACT upon an account annexed for $400.50 for services rendered as a physician. The action was brought by trustee process, Samuel A. Fuller, Esquire, being named as trustee. Writ in the Municipal Court of the City of Boston dated September 21, 1912.

At a trial of the action upon its removal to the Superior Court, the jury found for the plaintiff in the sum of $436.50 on March 23, 1914. On April 2, 1914, the trustee was allowed to file an answer of "No funds."

The plaintiff thereupon filed interrogatories to the trustee, which, after being ordered by the court to do so, he answered as follows:

Interrogatory 1. What was the amount for which execution issued in the action of Taylor *v.* Boston & Maine Railroad Company, which is action No. 51586 on the docket of the Superior Civil Court for Suffolk County?

Answer 1. I am unable to state at the present time, but the amount appears in the execution as returned to court satisfied.

Interrogatory 2. Did you receive that sum or any part of it, to the use of the plaintiff in that action?

Answer 2. Yes.

Interrogatory 3. If your answer to interrogatory 2 is in the affirmative, state how much money you so received.

Answer 3. The whole amount of the execution.

Interrogatory 4. If your answer to interrogatory 2 is in the affirmative, state to whom you paid out such money, giving date and amount of each payment.

Answer 4. I decline to answer on the ground that it is immaterial and irrelevant unless directed so to do by the court.

Interrogatory 5. Have you ever rendered an accounting to Edric R. Taylor, the plaintiff in that action?

Answer 5. I have made a final settlement with Edric R. Taylor, the plaintiff in this [that] action, as well as with all other persons whose services were employed in the trial of the case, with the exception of W. R. MacAusland, and I agreed with the said Edric R. Taylor, or somebody representing him, that I would pay one half of the bill rendered by the said W. R. MacAusland, to wit, the sum of $200.25, and which sum I still retain. Further than that I decline to answer this interrogatory on the ground that it is immaterial unless I am required so to do by the court.

Interrogatory 6. If your answer to interrogatory 5 is in the affirmative, set out in full a copy or copies of such accounting or all such accountings, and state the date or dates on which you rendered it or them.

Answer 6. Excepting in so far as this is answered in the answer to interrogatory 5, I decline to answer on the ground that it is immaterial and irrelevant unless ordered so to do by the court.

Interrogatory 7. If your answer to interrogatory 2 is in the affirmative, state in what bank or banks, or what other places you kept such money, in what name the accounts were kept, and between what periods the accounts were kept.

Answer 7. I decline to answer on the ground that it is immaterial and irrelevant unless ordered so to do by the court.

Interrogatory 8. State whether any other funds were mingled with the Taylor funds in such accounts, and if there were any such other funds so mingled, state what the funds were and of what amount.

Answer 8. I decline to answer on the ground that it is immaterial and irrelevant unless ordered so to do by the court.

Interrogatory 9. What amount did you charge said Edric R. Taylor for your services in connection with the action mentioned in interrogatory 1?

Answer 9. I decline to answer on the ground that it is immaterial and irrelevant unless ordered so to do by the court.

The plaintiff thereupon moved for further answers to interrogatories numbered 1, 4, 5, 6, 7, 8 and 9, and the court so ordered. The trustee appealed from the order directing him further to answer interrogatories 4, 5, 6 and 9, and further answered interrogatory numbered 1 as follows:

"Now comes the trustee in the above entitled action and in answer to interrogatory number 1 says that on July 11, 1912, execution issued in the case of Edric R. Taylor v. Boston & Maine R.R. in favor of the plaintiff for the sum of $12,500 as debt or damage and $350 as costs of suit and that on July 12, 1912, the alleged trustee in this case received into his possession the above amounts in satisfaction of said execution, and the alleged trustee further says that long before the bringing of the plaintiff's writ he had, with the consent of the defendant Taylor, or his agent, appropriated his own fees as counsel in said case to his own use from the total amount received in satisfaction of said execution, and the alleged trustee further says that prior to the bringing of the plaintiff's writ he had, with the consent of the principal defendant, Taylor, or his agent, paid out of said amount so received the fees of associate counsel and other necessary expenses incurred in the preparation and trial of said case of Edric R. Taylor v. Boston & Maine R.R.; and the alleged trustee further says that long before the bringing of the plaintiff's writ the entire balance remaining in the hands and possession of the alleged trustee was paid over in full to the principal defendant Taylor, or his agent, with the sole exception of the sum of $200.25 which was left by defendant Taylor, or his agent, in the hands and possession of the alleged trustee for the purpose of paying to the plaintiff in this action one half of his bill for services rendered in the case of Edric R. Taylor v. Boston & Maine R.R., therefore, the alleged trustee says that at the time of the service of plaintiff's writ on him he had in his hands and pos-

session the sum of $200.25 which belonged to the principal defendant Taylor, but that other than this he had not at that time any other goods, effects or credits of the principal defendant in .his hands or possession."

The plaintiff thereupon moved that the trustee be defaulted for failure to comply with the order of the court as to further answers, and the motion was granted and the trustee was defaulted. The trustee appealed.

On motion of the plaintiff, judgment in the action was ordered entered for him by *Pierce*, J. From ·this order no appeal was taken.

*C. Toye, J. L. Keogh & S. A. Fuller,* for the trustee, submitted a brief.

*W. Powers,* (*C. L. Stebbins* with him,) for the plaintiff.

RUGG, C. J. If it be assumed in favor of the trustee that his appeal is properly here and is not entered prematurely, no error of law is disclosed. The trustee filed, by leave of court after verdict in favor of the plaintiff against the defendant, an answer that he had no funds. Then the plaintiff filed nine interrogatories to the trustee, to which no answers were returned until a special order of the court had been made. Then the trustee answered two of the interrogatories in full, answered three others, incompletely as the plaintiff contended, and refused to answer the remaining four. Thereupon, the court ordered further answers to be made and the trustee complied with the order in part, but still refused to answer four interrogatories and appealed from an order of the court directing him to make answer. For such refusal the trustee was defaulted, and from this he appealed. The court had the power to order the default entered, provided the interrogatories were proper and required an answer from the trustee as matter of law.

It appeared from the answers filed that the trustee collected a judgment in favor of the principal defendant amounting to $12,850, of which $200.25 remained in his hands, and that he had paid out the entire balance for attorneys' fees and other expenses and to the principal defendant. The interrogatories which were not answered were designed to elicit a detailed statement of what the trustee had done with the amount collected on the execution, and where it had been deposited pending the set-

tlement. The plaintiff, having traced a large sum of money into the hands of the trustee, had a right to inquire as to the state of the account in some detail. He was not obliged to accept as final the bald assertion of the trustee that he had settled with the principal defendant and had paid out all that was due him. *Nutter* v. *Framingham & Lowell Railroad,* 131 Mass. 231. The plaintiff justly might ask to know more explicitly the facts upon which that conclusion rested. *Brennan* v. *McInnis,* 173 Mass. 471, 474. All the interrogatories were directed to that end. They were not in the nature of cross-examination, nor calculated to contradict any answers given. The answers of the trustee must be accepted and cannot be contradicted, and he cannot be subjected to cross-examination. But, on the other hand, he can be required to testify in answer to interrogatories, as can a witness called upon the stand, with reasonable minuteness as to the subject under investigation. It is doubtful whether an answer could have been required as to some details specified in interrogatory 8 touching other funds with which the receipts collected from the execution might have been commingled. But doubtless a part of it was proper. In view of the general peremptory refusal to answer this interrogatory as well as others, there is no error.

*Default of trustee to stand.*