14201. ATLANTA TERMINAL COMPANY *v.* LOWNDES.

A railroad-terminal company which allows its janitor to serve as a porter to passengers at the railroad-station, paying him for janitor service only, but allowing him to receive from passengers such gratuities as they may give him for carrying their baggage and otherwise assisting them, permitting him to use its trucks and elevators for hauling baggage to and from trains, and to wear a cap designating him as a porter or servant of the company, is liable to a passenger for the value of the passenger's bag and its contents, entrusted to him by the passenger on alighting from a train in the station and lost by the fault of the porter.

DECIDED APRIL 10, 1923.

Petition for ·certiorari; from Fulton superior court — Judge Humphries. November 8, 1922.

Application for certiorari was denied by the Supreme Court.

*Dorsey, Brewster, Howell & Heyman, W. P. Bloodworth,* for plaintiff in error, cited: *Ga. & Fla. Ry.* v. *Thigpen,* 141 *Ga.* 90; Civil Code (1910), 2715; 5 Am. & Eng. Enc. L. (2d ed.) 486; · *Travelers Ins. Co.* v. *Austin,* 116 *Ga.* 266; *Williamson* v. *Central &c. Ry. Co.,* 127 *Ga.* 125.

*Bell & Ellis, George L. Bell, Jr.,* contra, cited: *Ga. & Fla. Ry.* v. *Thigpen,* supra; 10 Corpus Juris, 1215.

LUKE, J. Mrs. Frank B. Lowndes sued the Atlanta Terminal Company in the municipal court of Atlanta for the value of a suit-case and the contents thereof, delivered by her to a porter of the defendant company while a passenger of one of the railroads to which the Atlanta Terminal Company furnishes service. It was alleged that the plaintiff alighted from a train and delivered a black suit-case to a negro porter (who was an agent and employee of the terminal company) wearing a red cap and who was permitted by the Atlanta Terminal Company to assist passengers in · carrying their hand-baggage from the train into the waiting-

rooms, and that to one of these porters she handed the suit-case and its contents as she alighted from the train, and she was unable to recover the same. The Atlanta Terminal Company defended upon the ground that, while the porter was in its employ and was permitted to wear a red cap, his services, for which the company paid, where those of a janitor, that it paid no sum of money to such porter for transporting the baggage of passengers or in assisting passengers in carrying the baggage, that for such services the porter was paid only such sums of money as might be gratuitously given by passengers for the service in carrying handbags or in otherwise assisting passengers with their baggage. The evidence of Mrs. Lowndes briefly was as follows: that she was a passenger on the "West Point road" and left her train and walked into the building of the Atlanta Terminal Company; that a porter wearing a red cap, in the employ of the Atlanta Terminal Company, rolled up a truck and, among other suit-cases, took hers, and carried the suit-cases up into the building of the Atlanta Terminal Company; that when she got up into the building the porter had her suit-case on the truck, and she told him to bring it to her at the entrance or exit of the building; and that he never did bring the suit-case, and she could not thereafter locate him. She testified as to the value of the suit-case and its contents, and her efforts to recover it, etc. The defendant's superintendent testified that the porter to whom Mrs. Lowndes delivered her suit-case was in the employ of the defendant company to do janitor work only, that the time of his services each day was twelve hours, and that the defendant company permitted the porters, when their time was not occupied about their janitor work, to meet the trains, and to meet automobiles bringing passengers, and to transport baggage for any gratuity they might get, and to appropriate such gratuities to their own use, that the company furnished to the porters trucks upon which to haul baggage to and from trains, and permitted them to wear a red cap which designated them as the servants and porters of the company, that the company is a corporation and its station is the terminal of the railroads entering it, and its business is to furnish a building and a means of ingress and egress for prospective passengers of the railroads, that passengers could not employ persons other than these red-cap porters to take baggage through the gates of the train, and that it

furnished elevator service to the porters for the purpose of moving the baggage to and from the train through the Atlanta terminal station. Upon hearing all the evidence the court rendered judgment against the defendant company for the value of the suit-case and its contents which the porter failed to deliver. Application for certiorari was presented to the judge of the superior court, and, upon the facts alleged in the petition for certiorari, he refused to sanction the same, and the defendant excepted.

It was not error to refuse to sanction the certiorari. Under the evidence the court was fully authorized to render judgment in behalf of the plaintiff. The "red-cap" porter was employed by the Atlanta Terminal Company and permitted by it to offer his service to passengers in the transporting of their luggage. The fact that the Atlanta Terminal Company did not pay specifically for the service of the porter in rendering assistance to the passengers passing through its gates will not relieve it from liability, when it is shown that such porters are held out to the public to render service in assisting passengers in handling their baggage. The mere fact that this agent and servant of the defendant company receives a gratuity from the passengers will not change the relationship of the porter. Under the evidence the porters spent approximately ten hours out of twelve hours service, with the consent and permission of the defendant company, in assisting passengers into and out of the terminal station.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*