## DUNHAM BROTHERS CO. *vs.* LOUIS GORDON.

Essex.    February 8, 1934. — February 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Trustee Process.   Assignment,* For benefit of creditors.

In an action in trustee process, the alleged trustee answered no funds. His answers to interrogatories later filed by the plaintiff disclosed that previous to the date of the writ the defendant had made an assignment of merchandise to him for the benefit of creditors, and through him had made a composition offer to creditors; and that the merchandise had been sold for cash in a sum less than the total amount of creditors' claims but substantially more than sufficient to effectuate the composition. The answer to the sixth interrogatory, inquiring as to what was done with the merchandise, was merely to the effect that it was sold. In answer to the ninth interrogatory, inquiring as to how much money the alleged trustee then had in his hands as assignee, the alleged trustee answered, "Nothing." A judge refused to entertain a motion by the alleged trustee that he be allowed to amend his answers to interrogatories so as to show what expenses he had incurred in performing his duties as assignee, and allowed a motion by the plaintiff to charge the alleged trustee. Assuming that all of the defendant's creditors except the plaintiff had accepted the defendant's composition offer, it was *held*, that

(1) The determination of the question, whether the alleged trustee should be permitted to answer further the plaintiff's interrogatories, rested in the sound judicial discretion of the judge;

(2) The alleged trustee had had ample opportunity, in making his original answers to the interrogatories, particularly the sixth and ninth interrogatories, to disclose his personal claim against the fund in his hands; and the refusal by the judge to entertain his motion disclosed no abuse of discretion;

(3) It appearing from the alleged trustee's answers that he had in his hands funds not needed for the purposes of the composition, it was proper to allow the plaintiff's motion to charge him; the plaintiff in the circumstances was not bound by the alleged trustee's assertion that he had nothing in his hands.

CONTRACT. Writ in trustee process in the District Court of Eastern Essex dated May 27, 1932.

Proceedings in the District Court are described in the opinion. The motions by the plaintiff and the alleged

trustee were heard by *York*, J.   A report to the Appellate Division for the Northern District was ordered dismissed. The alleged trustee appealed.

The case was submitted on briefs.

*L. Albert*, for the alleged trustee.

*F. H. Pardee*, for the plaintiff.

PIERCE, J.   This is an action of contract brought in the District Court wherein the plaintiff summoned one Max Leavitt as trustee.   The alleged trustee answered, no funds. Later the defendant was defaulted and judgment was entered for the plaintiff.

The plaintiff filed interrogatories to the alleged trustee. The alleged trustee's answers to the interrogatories disclosed that on May 13, 1932, the defendant in the writ had executed and delivered to the alleged trustee a deed of trust of "Men's clothing and furnishings" for the benefit of his creditors;  that the appraised value of such merchandise and fixtures was approximately $1,500;  that the alleged trustee sold this merchandise to a corporation and received therefor $1,550;  and that the defendant, through the alleged trustee, made an offer of twenty per cent to his creditors in payment of their demands which totalled $5,444.74.   Interrogatory 5 read: "Give the names of the creditors of said Louis Gordon who had assented to the deed of trust at the time the trustee writ was served on you in this action and the dates the assents were received, and also the amount of each of the claims."   The alleged trustee answered interrogatory 5 as follows: "I decline to furnish the names of the creditors.   The total due assenting creditors at the time the writ was served [the writ was entered and the declaration filed on June 11, 1932] on me was greater in amount than the value of the assets at a fair appraisal."   Interrogatory 6 read: "What was done with the assets of Louis Gordon?"   This interrogatory was answered by the alleged trustee as follows: "They were sold to Gordon's Inc., Gloucester, Mass."

As above shown, the alleged trustee's answers disclosed that on May 13, 1932 (the writ was returnable into court on June 11, 1932), he had assets of the defendant of the

appraised value of $1,500, which he subsequently sold for $1,550; that the defendant owed his creditors $5,444.74; that the defendant through the alleged trustee had made his creditors a composition offer of twenty per cent — a total of $1,088.95, which we assume off the record in support of the alleged trustee's answer was accepted by all the defendant's creditors except the plaintiff. This left a balance in the hands and possession of the alleged trustee which was subject to inquiry and charge in trustee process by any creditor who had not assented to the assignment. *Morse* v. *Bebee,* 2 Allen, 466. *Sinclair* v. *Napoli Cafeteria, Inc.* 244 Mass. 221.

The plaintiff made a motion to charge the alleged trustee upon his answers. The alleged trustee requested the judge "to entertain a motion to amend the trustee's answers to interrogatories to show what expenses he incurred in administering the trust created by the defendant by the assignment to the trustee of the defendant's assets for the benefit of creditors." The judge refused to entertain such a motion, and allowed the plaintiff's motion to charge the alleged trustee upon his answers to interrogatories. The alleged trustee claimed to be aggrieved by the refusal of the judge to entertain his motion and by the allowance of the plaintiff's motion, and the judge reported these issues to the Appellate Division for determination. The report contains all the evidence material to the issues reported. The Appellate Division found no "prejudicial error" and ordered the report dismissed. The case is before this court on the appeal of the alleged trustee from this order.

The first question presented here is, Did the trial judge err in refusing to entertain the motion to amend the alleged trustee's answers to interrogatories? Whether an alleged trustee in trustee process, who has once answered interrogatories, shall be permitted to answer further is a matter of sound judicial discretion. *Warner* v. *Perkins,* 8 Cush. 518. The questions which were put in the instant case were broad in their scope and ample opportunity was given the alleged trustee under interrogatory 6 ("What was done with the assets of Louis Gordon?") to state what expenses, if

any, the alleged trustee had "incurred in administering the trust." The interrogatory called for a more specific statement than "Nothing," in answer to interrogatory 9 ("How much money do you have in your hands at the present time as trustee of said Louis Gordon?"). The plaintiff had established by the admission of the alleged trustee that he had in his possession money of the defendant shortly before the return day of the writ, and he had the right to interrogate the alleged trustee then or later to find out what had become of it. He was not obliged to accept the assertion of the alleged trustee that he no longer had it or any part of it. *Brennan* v. *McInnis*, 173 Mass. 471. *MacAusland* v. *Taylor*, 220 Mass. 265, 270. The alleged trustee's answer was calculated to conceal facts which the plaintiff was entitled to know. Interrogatory 9 gave the alleged trustee the fullest opportunity to inform the judge and the plaintiff what personal claim he had against the fund. The plaintiff was under no obligation to drive him to do so and the alleged trustee had no reason to complain if later he was refused the opportunity. We find no abuse of discretion in the refusal of the judge to entertain the alleged trustee's motion. It is clear that the alleged trustee on his answers could have been found to hold funds of the defendant not needed to pay the composition offer. This was sufficient to charge the alleged trustee generally, *Morse* v. *Bebee*, 2 Allen, 466, and he might have resorted to scire facias, but he was not obliged to do so. *MacAusland* v. *Fuller*, 229 Mass. 316, 319.

The motion for double costs is denied.

*Order "Report dismissed" affirmed.*