Zottoli, J.
In this cause of action the plaintiff seeks to recover damages for the loss of certain personal luggage. The plaintiff’s declaration contains three counts, all for the same cause of action. The first count, in contract, in substance alleges that the plaintiff, a passenger, arrived at a station “owned or operated and controlled by the defendant”; that “the defendant for valuable consideration agreed to receive from the plaintiff the plaintiff’s luggage, move it and deliver it to the plaintiff at a point in or near the station; that the luggage was delivered by the plaintiff to the defendant, but the defendant, in spite of frequent demands by the plaintiff, failed and still fails to deliver said goods”. The second count, in tort, alleges substantially the same facts as the first count, but alleges liability because of negligent performance resulting in loss of the luggage. The third count alleges conversion of the luggage by the defendant, its agents or servants. The defendant answers with a general denial and contributory negligence.
The plaintiff duly filed twenty interrogatories “to be answered by the President, Treasurer, or other officer of the *53 defendant under oath”. In due time the defendant answered certain of the interrogatories and declined, upon advice of counsel, to answer others “for the sole reason, as stated by the defendant, that the ‘Red Cap’ was not an agent, servant or attorney of the defendant”. Subsequently the plaintiff filed a motion “that the following be stricken from the defendant’s answers to the plaintiff’s interrogatories”:—
1. In the defendant’s answer to interrogatory No. 4 the words “as the ‘Red-Cap’ was not an agent, servant, or attorney of the defendant, that”.
2. In the defendant’s answer to interrogatory No. 11 the words “to secure a license”.
3. In the defendant’s answer to interrogatory No. 14 the words “The defendant does not compensate ‘Red-Caps’ whom it licenses upon its premises”.
4. In the defendant’s answer to interrogatory No. 15 the words “while serving the public under license of the defendant”.
5. The whole of the answer to interrogatory No. 16.
6. In the defendant’s answer to interrogatory No. 19 the sentence “He was merely licensed or given permission to come upon the premises of the defendant to render such aid or service as members of the public asked of him”.
At the same time a further motion was filed by the plaintiff “that the defendant be ordered to answer further” interrogatories numbered 2, 3 (b), 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16,17, 18, and 20.
After hearing the parties the court allowed the motion to strike out in so far as it related to interrogatory No. 19, and ordered the defendant to answer further No. 20 within seven days or be defaulted. The fair inference is that the motions were otherwise denied. The court reports for our determination the plaintiff’s alleged grievance founded on the ruling of the court except as to the court’s denial of *54 paragraph 1 of the plaintiff’s motion to strike out, which she expressly waived.
It is now well settled “that now the scope of the subjects about which interrogatories may be asked is as broad as the field of inquiry when the person interrogated is called as a witness to testify orally in the actual trial, with qualifications not here material.” Cutter v. Cooper, 234 Mass. 307. The general field was further explored in the case of Goldman v. Ashkins, 266 Mass. 374. It is there pointed out, at page 379, that “interrogatories to an adversary party are in the nature of an examination designed to obtain disclosures of facts admissible in evidence. This is a broad field. Whatever facts are material to the issues raised may be developed by interrogatories under our statute. The ascertainment of facts having probative force on the issues, nothing more and nothing less, is the whole object of a trial in court. The statute as to interrogatories confers rights which may be asserted in a proper way”. The determining factor as to whether interrogatories should be answered is “whether they are competent”. “If they are competent and not repetitions or verbose, or objectionable in form or substance, they must be answered, although ■annoying to the party.” Interrogatories cannot be an “unnecessary burden on the court” (and it may be added, on the parties) which are competent and properly designed to ■elicit the “discovery of facts * * * admissible in evidence at the trial of the case. If they meet that essential test they must be answered. ’ ’
Furthermore, interrogatories are not to be treated with unnecessary strictness. While slackness and ambiguity is not to be encouraged, yet if the interrogatory is understandable it should be fairly answered. Hancock v. Franklin Ins. Co., 107 Mass. 113. Robbins v. Brockton St. Ry. Co., 180 Mass. 51. And while, ordinarily, interrogatories should be *55 in proper form and must be ‘ ‘ designed to elicit facts within the knowledge of the party and admissible in evidence upon issues raised by the pleadings,” this statement is subject to limitations respecting relevant information obtained through such inquiry of his agents, servants and attorneys as will enable the party “to make full and true answers to the interrogatories. To this extent a party may be required to state that which is hearsay and which he could not give as a witness testifying upon the trial.” Warren v. De Coste, 269 Mass. 415,417, 418. G. L. (Ter. Ed.), Ch. 231, §62. And it is further to be observed that “if a corporation is a party the adverse party may examine the president, treasurer, clerk, or a director, manager or superintendent or other officer thereof, as if he were a party.” Gr. L. (Ter. Ed.), 0. 231, §65.
Gr. L. (Ter. Ed.), C. 231, §62, points out that the answers to the interrogatories should be “full and true.” It hardly needs to be pointed out that answers, whether they be to interrogatories or to questions to a witness at the trial, should not be evasive or irresponsive. An interrogating party has a right to demand clear and unequivocal answers. While the court has some discretion in passing on interlocutory matters, it must, however, “act according to sound principles of law, having regard to all pertinent factors and general rules of evidence.” Whenever “the rulings of the judge have resulted in a denial of the right to secure disclosure of facts having a substantial relation to the issue involved, there is good ground for reversal, unless it appears that the substantial rights of the appealing party have not been injuriously affected. Cutter v. Cooper, 234 Mass. 307, 315. Practice (Tucker) 1036.
One of the chief issues in this case is whether the relation of master and servant or principal and agent exists between the so-called “Bed-Cap” and the defendant. This *56 relationship, if expressed, might be set out in writing, or partly in writing and partly verbal, or wholly verbal. It might also be implied from all surrounding circumstances. The plaintiff has the right to prove her contentions by circumstantial as well as by direct evidence. It is obvious that the field of inquiry is broad. In determining whether the interrogatories and answers are proper the court should view them in the light of the field opened up by the issues in the case. A reading of the interrogatories shows that they are in proper form, and, excepting No. 17, required “full” and true answers. There is no error in the court’s refusal to order the defendant to answer further interrogatory 17. A defendant is not required to annex copies of papers or to state a time and place when the same may be inspected by the plaintiff’s attorney. Amherst & Belchertown R. R. Co. v. Watson, 8 Gray 529. Wetherbee v. Winchester, 128 Mass. 293. Nor do we think there is error in the court’s action in interrogatory No. 12. The defendant’s answer is responsive. Detailed information is not called for by this interrogatory.
There is no error in the court’s denial of so much of the plaintiff’s motion to strike out as relates to paragraphs numbered 2 and 4 thereof. These paragraphs asked the court to strike out certain words from the answers to interrogatories Nos. 11 and 15. The answers to interrogatories Nos. 11 and 15 are not divisible. If the motion had been granted what would have been left of the original sentences would not have the same meaning as the qualified answers that had been sworn to. A proper motion would have been that the whole answer be stricken out and that the defendant be ordered to answer over.
We feel there is reversible error in the court’s denial of so much of the plaintiff’s motion to strike out “as relates to paragraphs 3 and 5 thereof.” The offending language *57 set out in these paragraphs contained in the answers to interrogatories 14 and 16 is wholly gratuitous, not responsive and should have been expunged. We also feel that there is reversible error in the court’s refusal to order further answers to the remaining interrogatories under review. These may be grouped into two classes. In one class are included interrogatories Nos. 2, 3(b), 4, 11, 13, 15, 16 and 18, which, though answered, have not been answered fully and unequivocally.
Interrogatory No. 2 in substance asks “whether or not a ‘Bed-Cap’ undertook to carry the plaintiff’s luggage.” The pertinent part of the answer is that “a ‘Bed-Cap’ was requested to carry the plaintiff’s luggage.” The answér obviously does not state whether the “Bed-Cap” did or did not undertake to carry the luggage. The plaintiff i.s entitled to a full and proper answer.
Interrogatory No. 3(b) in substance inquires for “the time of day” of a certain event. The answer does not give the time of day, but refers to an event as stated by the plaintiff. This is not a “full” answer to the interrogatory.
Interrogatory No. 4 asks the defendant to “state fully, accurately and in as much detail as it could what said ‘Bed-Cap’ did from the time” he first saw the plaintiff until the time he saw the plaintiff drive away from the station. The answer, in substance, is that the “Bed-Cap” pursuant to plaintiff’s request made while inside the train, carried certain of her luggage. This obviously is not a “full” and “accurate” answer, because, if for no other reason, it ignores the method, means and route employed in the carriage.
The eleventh interrogatory calls for a statement of “the method of application for the position of ‘Bed Cap.’ ” The answer in substance simply states that they must first make application to the station-master. This obviously *58 does not give “the method of application” and is not a “full” answer.
The answer to interrogatory No. 13 is faulty, if for no other reason, because it fails to state ‘6 the length of time ’ ’ during which the instruction inquired about continued.
Interrogatory No. 15 calls for a statement “of the duties of the ‘Red-Caps.’ ” The answer evades the inquiry and states an uncalled for conclusion. The plaintiff is entitled to an answer which gives what was required of the “RedCaps” by the defendant.
The answer to interrogatory No. 16 is equivocal and rather evasive. A further answer should have been ordered. There is no claim that the interrogatory was not proper. • This division has held that an interrogatory similar at least in principle to that under consideration was permissible and should have been answered. See Driscoll v. Lincoln Hotel Co., No. 338772, Municipal Court of the City of Boston (40 App. Div. Rep. 188). Interrogatory No. 16 asks the party answering to “state the work, activities or doings of the ‘Red-Caps’ over which the defendant exercises control and the degree of such control.” Nowhere in the answer has the defendant stated “the work, activities or the doings” of the “Red-Caps” over which the defendant exercised control. The answer neither states the work of the “RedCaps” over which the defendant exercised control, nor does it state that the defendant exercises no control over their work. It is not the “full” answer required by our laws. It appears to be carefully worded to avoid matter bearing on one of the vital issues of the case, that of control. Such equivocation should not be permitted to stand.
Interrogatory No. 18 should also be ordered to be further answered, as the answer is partly posited on interrogatories Nos. 11 and 13, which we have already pointed out have not been properly answered.
*59 In the second class of answers may be grouped those in which an answer was refused because counsel for the defendant advised the agent of the defendant that the “RedCap” was not an agent, servant or attorney of the defendant. These answers relate to interrogatories Nos. 5, 6, 7, 8, 9 and 10. The defendant’s refusal to answer these interrogatories is based on advice of counsel to the effect “that as the ‘Red-Cap’ was not an agent, servant or attorney of the defendant * * * (it) * * * was not required to answer.” Ordinarily, whether a person is an agent, servant or attorney of another is a question of fact to be determined in the light of all the surrounding circumstances. A party, therefore, has a right to bring out all the surrounding circumstances bearing on that issue. The issue is not one Which the defendant has a right to determine. The duty of making the determination is upon the court to which the facts are presented. While interrogatories, in a measure, “are addressed to the conscience of a party,” Gunn v. N. Y., N. H. & H. R. R., 171 Mass. 417, 421, Toland v. Paine Furniture Co., 179 Mass. 501, 505, and while a party is protected and is not compelled to answer further where it appears that “he has no personal knowledge, and that so far as he has been able to ascertain none of his agents, servants or attorneys had such personal knowledge, and that such information as he had was derived wholly from statements made to him or his attorneys by third persons,” Warren v. De Coste, 269 Mass. 415, 418, and while a party may be also protected from being required to give information not gathered while acting in line of duty in his employment, Hancock v. Franklin Ins. Co., 107 Mass. 113, 115, Gunn v. N. Y., N. H. & H. R. R., 171 Mass. 417, 420, 421, Robbins v. Brockton, 180 Mass. 51, 55, yet he must disclose facts gathered in line of duty" and should not be permitted to escape so doing on advice of counsel that the facts compel a *60 conclusion, which may not be that reached by a court hearing the same facts. The interrogatories which were not fully answered call for facts, not conclusions. If the party interrogated is in a position to give them, he should do so. A court, on hearing the facts, might come to a different conclusion than that arrived at by counsel for the defendant. Atlantic Terminal Co. v. Lowndes, 30 Ga. App. 115.
It follows from what ha.s been said that the plaintiff’s motion to strike out the matter therein contained should be allowed, except as to paragraphs 1, 2 and 3 thereof, and that the plaintiff’s motion for further answers to interrogatories 2, 3 (b), 4, 5, 6, 7, 8, 9,10,11,13,15, 16 and 18, should also be allowed. It is,
So ordered.