ZENAS S. HARDING *vs.* CHARLES W. MORRILL.

Essex. Nov. 7, 1883. — Jan. 8, 1884. W. ALLEN & HOLMES, JJ., absent.

The fact that an action is brought for the benefit of a third person does not deprive the defendant of the right, given by the Pub. Sts. c. 167, § 49, to file interrogatories for the discovery of facts material to the defence of the action, to be answered on oath by the plaintiff.

If the plaintiff in an action wholly neglects to answer interrogatories filed by the defendant, any of which are pertinent and material, it is within the discretion of the court to order a nonsuit; and no exception lies to the exercise of such discretion.

TORT, brought for the benefit of the plaintiff's attorney. In the Superior Court, before *Knowlton*, J., the plaintiff was nonsuited for failure to answer certain interrogatories filed by the defendant; and alleged exceptions.

*C. Lamson*, for the plaintiff.

*D. L. Withington*, for the defendant.

MORTON, C. J. Our statutes give to the defendant the right to file interrogatories for the discovery of facts material to the defence of the suit, to be answered on oath by the plaintiff. The fact that the suit is brought for the benefit of a third person does not deprive the defendant of this right. Pub. Sts. c. 167, § 49. *Harding* v. *Noyes*, 125 Mass. 572.

In the case at bar, the defendant filed interrogatories to the plaintiff, which the plaintiff wholly neglected to answer; and, at December term, 1882, the Superior Court overruled the plaintiff's motion for further time to answer the interrogatories, and ordered a nonsuit to be entered. This was exclusively within the discretion of the Superior Court, and no exception can be taken to the exercise of that discretion. Pub. Sts. c. 167, § 59. *Stern* v. *Filene*, 14 Allen, 9. *Harding* v. *Noyes, ubi supra.*

In the present position of the case, the plaintiff's first bill of exceptions becomes immaterial. It is entirely clear that most of the interrogatories relate to facts material to the defence, and are such as the plaintiff was required to answer. If he objected to certain specific interrogatories, his proper course was to answer such as were pertinent, and take the judgment and ruling of the court upon such as he claimed to be impertinent. He

neglected to answer any of the interrogatories, and for this neglect it was in the power of the Superior Court, in its discretion, to order a nonsuit.          *Exceptions overruled.*