JOSEPH FELS *vs.* C. M. RAYMOND & another.

Suffolk. Jan. 21. — March 2, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

Under the Pub. Sts. *c.* 167, §§ 49–60, if a party to a suit files answers to interrogatories, the court cannot, without further proceedings, enter a nonsuit or default because the answers are deemed insufficient or evasive.

CONTRACT, on an account annexed, for goods sold and delivered on May 20, 1881. Writ dated March 16, 1883, and returnable to the Superior Court. Answer, a general denial.

The plaintiff filed the following interrogatories to be answered by both of the defendants :

" 1. Did not you purchase from the plaintiff, at or about the date specified in the account annexed to the plaintiff's declaration, the goods specified in said account ?

" 2. Have you paid for them ?

" 3. Had you not at that time a place of business in New York, as well as in Boston ?

" 4. Were you not the defendants in the action entitled Fels *v.* Raymond *et al.*, tried in the Superior Court for this county in the January term of 1882? Was not that action brought to recover the price of the same goods sued for in this action ?

" 5. Did you not at the trial of that former action before Mr. Justice Pitman introduce in your defence a witness, who testified that he bought these same goods on your behalf, but on a credit of thirty or sixty days ?

" 6. Was not the name of this witness Raymond? Was he not your brother ?

" 7. Examine the printed paper annexed to these interrogatories. Is it not a copy of the exception taken by the present plaintiff to the rulings of the judge in the former case of Fels *v.* Raymond, above referred to ? Are not the facts stated in this bill of exceptions true? Were not the goods therein referred to the same goods sued for in this action, and was the defence on which you prevailed in the former action, that the former suit was brought before the expiration of the thirty or sixty days ? "

Annexed to the interrogatories was a paper purporting to be a copy of the bill of exceptions in the case referred to.

Each defendant answered the first and second interrogatories, " I do not know." One defendant answered the third interrogatory, " I do not know. Raymond Brothers had a place of business in New York for several months." The answer of the other defendant was, " Raymond Brothers had a place of business in New York for several months, to May 31, 1881." One defendant declined to answer the remaining interrogatories, unless ordered by the court, on the ground that he was advised that the questions were improper. The other defendant declined, for the same reason, to answer the fifth, sixth, and seventh interrogatories, and answered the fourth as follows: " I was a defendant in a suit bought by one Fels, but when or where that suit was tried I cannot say. I do not know."

The plaintiff, without previously asking an order that the defendants be required to answer more fully, moved that they be defaulted for neglect and refusal to answer the interrogatories. At the hearing upon this motion, before *Mason*, J., the defendants contended that the motion should not be granted until a motion to answer more fully had been made, and stated their willingness on such a motion either to answer more fully or give reasons why they could not. The judge ordered that the defendants be defaulted, and a judgment entered for the plaintiff. The defendants alleged exceptions.

*W. C. Cogswell*, for the defendants.

*J. D. Thomson*, for the plaintiff.

MORTON, C. J. Our statutes provide that either party to a civil action may file interrogatories for the discovery of facts material to his case, to be answered on oath by the adverse party, and that " each interrogatory shall be answered separately and fully." Pub. Sts. c. 167, §§ 49–60.

Section 57 provides that, " if an answer contains irrelevant matter, or is not full and clear, or if an interrogatory is not answered, and the party interrogated refuses to expunge or amend, or to answer a particular interrogatory, the court or a justice thereof may on motion order such irrelevant matter to be expunged, or such imperfect answer to be made full and clear, or such interrogatory to be answered, within such time as may seem reasonable."

Section 59 provides that, " if a party neglects or refuses to expunge, amend, or answer according to the requisitions of this chapter, the court may enter a nonsuit or default as the case may require, and proceed thereon according to law."

It has been held that, where a party wholly neglects to answer interrogatories proposed to him within the time allowed by law, the court may enter a nonsuit or default. *Harding* v. *Noyes*, 125 Mass. 572. *Harding* v. *Morrill*, 136 Mass. 291. But it has never been held that, where a party files answers to interrogatories, it is within the discretion of the court, without further proceedings, to enter a nonsuit or default because the answers are deemed insufficient or evasive ; and we are of opinion that the fair construction of the statute does not confer such a discretion or power.

Questions of great difficulty often arise as to how far a party is bound to answer interrogatories proposed by the adverse party, and it was not the intention of the statute to compel a party to decide such questions at the risk, if he decides erroneously, of a nonsuit or default. The sections we have quoted indicate the proper course to be pursued if the answers are imperfect. The interrogating party should file a motion setting forth his objections to the answers, and praying that they be made more full and clear; and it is for the court to determine upon such motion how far the answers are imperfect, and which of the interrogatories require fuller answers.

If the answers are adjudged to be imperfect, the interrogated party ought to have the opportunity to amend them, after the particulars in which they are insufficient are pointed out. If he refuses to amend or to answer more fully, according to the order of the court, a nonsuit or default may be entered. *Amherst & Belchertown Railroad* v. *Watson,* 8 Gray, 529. *Wetherbee* v. *Winchester,* 128 Mass. 293.

In the case at bar, the plaintiff filed interrogatories to the defendants. Each of the defendants filed answers. They answered some of the interrogatories, and declined to answer others, as being improper. Without any ruling upon the propriety of the interrogatories, and without any order that the defendants should answer further and more fully, the court, on motion of the plaintiff, ordered that the defendants be defaulted, and entered judgment for the plaintiff. This was erroneous.

*Exceptions sustained.*