MARY H. DOYLE *vs.* SINGER SEWING MACHINE COMPANY.

Suffolk.   January 22, 1915. — February 26, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Evidence,* X-ray photographs.   *Negligence,* Of one repairing sewing machine. *Practice, Civil,* Exceptions.

X-ray negatives, if properly taken by a person duly qualified, may be admitted in evidence in an action of tort for personal injuries to show the condition of the bones of the plaintiff's nose which are alleged to have been injured through the carelessness of an agent of the defendant.

In an action by a girl against a dealer in sewing machines for personal injuries sustained from being struck on the head and nose by the cover of a sewing machine hired by the plaintiff's mother from the defendant by reason of the negligent manner in which an agent of the defendant who had been sent to repair the machine raised its cover, where there was evidence that, when the plaintiff in full view of the defendant's agent had stooped to pick up some "sewing" that the defendant's agent had brushed off the table of the machine and was getting up again, she was hit between her eyes and the bridge of her nose by the cover of the machine which the defendant's agent was opening, it was *held,* that the questions of the plaintiff's due care and of the negligence of the defendant's agent were for the jury.

At the trial of an action of tort for personal injuries, where the presiding judge at first refused to instruct the jury, as requested by the defendant, that there was no evidence that the bridge of the plaintiff's nose was broken, and said that, although he did not remember that any doctor had testified that there was such a fracture, he would leave it to the recollection of the jury as to whether there was such evidence, and where afterwards, upon an exception being taken to this refusal, the judge said that he would give the instruction to the jury and gave it in the form requested, the defendant has no ground for exception, the judge having corrected any error he may have made in his earlier refusal to give the instruction.

If in the case above stated the defendant's counsel thought that the judge had failed to place on the instruction the emphasis which it deserved in view of its importance in relation to the assessment of damages or otherwise, he should

have directed the attention of the judge and the plaintiff to such lack of emphasis, and, not having done so, he has no grievance.

TORT, against a corporation engaged in the business of manufacturing, selling and leasing sewing machines, for personal injuries sustained by the plaintiff on February 1, 1907, when she was about nineteen years old, from being struck on the head and nose by the cover of a sewing machine belonging to the defendant and leased by it to the plaintiff's mother owing to the negligence of an agent of the defendant who had been sent to the residence of the plaintiff's mother to repair the machine. Writ dated April 4, 1910.

In the Superior Court the case last was tried before *White,* J. The evidence is described in the opinion. Certain X-ray photographic plates, which are referred to in the opinion, were offered in evidence by the plaintiff to show the condition of the injured part of the plaintiff's nose on May 22, 1914, which was a few days before the last trial. They were admitted by the judge subject to the defendant's exception.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. Upon the evidence the plaintiff cannot recover.

"2. If the plaintiff believed or had reasonable cause to believe that she had a claim against the defendant to recover damages for personal injuries, and without any good reason failed to make known her said claim to the defendant and take any steps to enforce payment of the same, for over two years, then such failure on the plaintiff's part to make known and enforce her said claim may be considered by the jury as bearing upon the validity of her alleged claim and her good faith in thereafter asserting it.

"3. The plaintiff was bound to use reasonable care to prevent injury or damage to her person, and if any injury which she may have received is attributable to herself in part, she cannot recover, although the defendant or its agent may have been negligent also.

"4. The defendant's agent, Bere, had a right to assume that the plaintiff would use reasonable care and vigilance to avoid being hurt, and if Bere was doing the work upon which he was engaged in the usual manner in which such work is ordinarily done, and had no notice or warning that the plaintiff was approaching the machine in such a way as to expose herself to danger by

coming in contact with it, then any omission on his part to anticipate that the plaintiff was exposing herself to danger would not be negligence on his part.

"5. In weighing evidence it is a safe rule for the jury first to consider to what extent such evidence is consistent with facts which are admitted or clearly proven in the opinion of the jury. The jury would be warranted in considering evidence which is inconsistent with admitted or clearly established facts as of less weight and as less worthy of credit than evidence which is consistent with such facts. And evidence which is equally consistent with two opposing claims is insufficient to prove either claim, and should be disregarded by you.

"6. There is no evidence in this case that the plaintiff had the bridge or septum of her nose broken. I instruct you that the plaintiff's statement that some doctor at the Massachusetts Homeopathic Hospital who has not been called told her her nose was fractured cannot be considered by you.

"7. I instruct you that there is not sufficient evidence in this case to justify you in finding that the plaintiff's septum was bent as a result of a blow or external violence."

The judge refused to make the rulings numbered one and seven, and dealt with the other rulings, especially with the ruling numbered six, in the manner described in the opinion. He submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $4,750. The defendant alleged exceptions.

*A. M. Lyman*, for the defendant.

*F. J. Daggett*, (*J. T. Cassidy* with him,) for the plaintiff.

PIERCE, J. The radiograph, if properly admitted, tended to prove to the jury the existence of certain physical defects in and about the bony structure in the front of the plaintiff's head, around the eyes and upper part of the nose.

The evidence was relevant to the issue before the jury. *Buck v. McKeesport*, 223 Penn. St. 211. The radiograph was taken by Dr. Liebman, who testified that he was a clinical assistant at the Massachusetts Charitable Eye and Ear Infirmary; that he had been connected therewith since 1910, and had charge of the X-ray department; that he took four negatives of the plaintiff's head; that they were correct representations of the condition of the bones in the front of the plaintiff's face and of the sinus as it

was on May 22, 1914. The judge admitted the evidence of the negatives, and the defendant duly excepted.

The record does not show that the defendant questioned the qualifications of Dr. Liebman to take the radiographs, or so much as asserted to the judge that the position of the negative with reference to the camera was improper, unfair or fraudulent.

Nor is there anything to indicate that the judge's preliminary ruling was biased or not governed by rules of law. The evidence was properly admitted and the exception must be overruled. *De Forge* v. *New York, New Haven, & Hartford Railroad,* 178 Mass. 59.

With the admission of the negatives, the jury might find that the plaintiff's mother had a sewing machine in her house which needed some adjustment; that the mother wrote to the defendant about it; that in response the defendant sent its servant, Bere, to the mother's house to repair the belt; that upon arriving Bere went to the machine, which was so connected to its frame as to permit of its being lowered below the level of the table of the frame when it was not in use; that when once lowered, in order to bring it to a position of use, it was necessary to lift and turn back a hinged cover of wood; that as Bere stood by the side of the machine there was some "sewing" on the machine table; that the mother told the plaintiff to take it off; that Bere brushed it off and it fell to the floor; that the plaintiff came to the machine; that as she came she faced Bere, who stood on the opposite side of the machine; that she stooped to take the sewing from the floor; that Bere knew of her position; that he lifted the cover at such a time and in such a manner that the plaintiff, as she arose, would be likely either to hit or be hit by it; that she did not know he was about to open the cover; that as she arose she was hit by it between the eyes and the bridge of the nose; that the next day her face was black across the eyes and the nose, and her eyes were bloodshot; that thereafter there was a certain cloudiness and depression in the right frontal sinus and a small opening running from the right frontal sinus forward through the bone; and that as a result of the blow the septum was deviated and bent abnormally.

Upon these facts the jury might have found that the defendant's agent was negligent and that the plaintiff was in the exercise of

due care. The judge could not have ruled properly that "upon the evidence the plaintiff cannot recover," or that there was not sufficient evidence to justify a finding "that the plaintiff's septum was bent as a result of a blow or external violence." The exceptions to the refusal to give rulings numbered 1 and 7 are overruled.

In its sixth request the defendant asked the presiding judge to rule as follows: "There is no evidence in this case that the plaintiff had the bridge or septum of her nose broken. I instruct you that Miss Doyle's statement that some doctor at the Massachusetts Homeopathic Hospital who has not been called told her her nose was fractured cannot be considered by you." In his charge the judge first treated the question of a broken bridge or septum as a question of fact to be left to the determination of the jury. He explained at some length the several contentions in that regard. He stated that to his recollection no doctor had testified that there was a fracture, but added that their recollection, not his, was to govern. At the close of his charge he refused to give this and other rulings asked for, in form or substance; but the defendant's counsel having excepted to such refusal he finally stated that "he was going to give all of the defendant's requests." Of these requests he did not give those numbered one and seven. The others were given as asked for and in the form presented. The method adopted was to take up each request in its numbered order, and to read, explain and comment upon it. When the judge came to the ruling numbered six, he read it and made no comment on so much of it as related to the bridge or septum, but at once proceeded to discuss the remaining portion of that request, which, given in the form presented by the defendant, corrected anything inconsistent in the earlier part of the charge. *Hunt* v. *Boston Terminal Co.* 212 Mass. 99. *Todd* v. *Boston Elevated Railway*, 208 Mass. 505.

If the counsel for the defendant felt that the judge had failed to place the emphasis on this request that it fairly deserved in view of its importance in the matter of the assessment of damages, or otherwise, it was his duty to direct the judge's and the plaintiff's attention to this cause of complaint. Failing to do this he has no legal grievance. *McCart* v. *Squire*, 150 Mass. 484. This exception must be overruled.

*Exceptions overruled.*