GEORGE NICKERSON, JR., *vs.* EDWARD GLINES & others.

Suffolk.   November 9, 1914. — February 27, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Specifications, Nonsuit, Exceptions, Appeal.   *Pleading, Civil,* Specifications.   *Conspiracy.   Rules of Court.*

The ordering of particulars and specifications as to allegations in pleadings rests in the judicial discretion of the trial court and is not subject to review by this court unless there appears to have been an abuse of discretion.

A finding of fact by a judge as a basis of an order that the plaintiff shall file specifications as to certain allegations in his declaration cannot be reviewed on exceptions where it appears that the finding was made in part in reliance upon statements of counsel which are not reported.

Where it appears that the allegations of a declaration in an action of tort for damages due to fraud alleged to have been perpetrated by a number of defendants through a conspiracy are vague and indefinite, that some of the defendants filed motions for specifications as to such allegations, that before the hearing of such motions such defendants had been examined fully on the questions as to which specifications were asked at a hearing of a suit in equity by the same plaintiff against others of the defendants, that the judge after a hearing on the motion ordered the specifications asked for to be filed, that the plaintiff filed irresponsive and insufficient specifications, that on motion of the defendants the judge under Rule 6 of the Superior Court ordered the plaintiff to comply with the previous order for specifications or to submit to a nonsuit, and that the plaintiff declined to file such specifications and stated in open court that he did not desire further time or opportunity for filing further specifications, it is a proper exercise of discretion for the judge to order the plaintiff nonsuited.

The proper way to bring before this court the question, whether an order of a judge of the Superior Court nonsuiting a plaintiff for failure to obey a previous order directing him to file specifications to allegations in his declaration, was an abuse of judicial discretion, is by a bill of exceptions and not by an appeal.

RUGG, C. J.   This is an action of tort wherein the plaintiff alleges that the defendants, through a conspiracy, defrauded him out of large sums of money.   Upon motion of the defendants

Glines, Burrage and Rich, the plaintiff was ordered to file detailed specifications of the acts and misrepresentations relied on. Before making this order, the judge* was informed that a bill in equity brought by the plaintiff through his present counsel against the defendants other than Glines, Burrage and Rich, had been referred to a master, before whom the taking of evidence stenographically reported had consumed many days and had been completed, and the defendants Glines and Burrage both had testified. Thereupon, the plaintiff filed a paper entitled bill of particulars, which contained some allegations in addition to those of his declaration. These defendants then moved that these specifications be stricken from the files as irresponsive and irrelevant, and that new and sufficient specifications in accordance with the previous order of the court be filed within a time to be limited, and that, in default thereof, a nonsuit be entered against the plaintiff. Upon hearing this motion, the judge ordered that the specifications required by the earlier order be filed on or before a certain date, and that, if that order was not complied with, the plaintiff should be nonsuited. A statement then was filed by the plaintiff in substance to the effect that he was unable to give further details respecting the tortious acts of these defendants. Thereupon, the defendants moved for a nonsuit. At the hearing upon this motion, the judge found from the face of the record and also from the statements of counsel made at the various hearings that the particulars filed were not ample in form. Then an order was entered, setting forth the finding that there had not been a compliance with the orders for specifications and the fact that the defendant [obviously a mistake or misprint for plaintiff] in open court had declined further opportunity to file additional specifications, and nonsuiting the plaintiff as to these three defendants for failure to comply with the previous orders for filing of specifications.

It has been said many times that the power to order particulars or specifications rests in the discretion of the trial court. *Gardner* v. *Gardner,* 2 Gray, 434. *Blake* v. *Everett,* 1 Allen, 248, 251. *Commonwealth* v. *Wood,* 4 Gray, 11, 13. *Harrington* v. *Harrington,* 107 Mass. 329, 334. *Hines* v. *Stanley G. I. Electric Manuf. Co.* 199 Mass. 522, 527. *Commonwealth* v. *King,* 202 Mass. 379, 384. It is

---

* *Jenney, J.*

the general rule that matters which rest in the judicial discretion of the trial court cannot be reviewed by this court. That question most frequently arises upon motions for new trials or to set aside verdicts. But the same principle applies broadly to discretionary rulings. It finds illustrations in orders as to filing further answers to interrogatories, the allowance of amendments, the time of introduction of evidence, allowance of leading questions, continuances, requiring election between counts, and refusal to charge upon indecisive parts of evidence or in the phrase of a request if the substance is given. It is, however, a sound judicial and not an arbitrary discretion which must be exercised. *Simmons* v. *Fish,* 210 Mass. 563, 572. Abuse of discretion as to specifications becomes error of law and is subject to revision. *Powers* v. *Bergman,* 197 Mass. 39.

There is nothing in the case at bar to indicate that the Superior Court was not acting well within its powers. It would be enough to dispose of the case to say that the finding, that the specifications filed were not a compliance with the order, was based in part upon statements of counsel apparently made and accepted as facts, which are not set out in the exceptions. A finding of fact grounded on unreported evidence must stand. *Bailey* v. *Marden,* 193 Mass. 277.

But, apart from this consideration, no error is shown. It appears that the plaintiff had examined several of these defendants in a hearing touching matters kindred to those involved in the present action. He was in a position to know what the facts were upon which an action for conspiracy could rest if they existed at all. His failure under these circumstances to be definite in the statement of his cause of action in pleadings stood upon a somewhat different ground than it would if he were wholly in the dark as to the subject.

It is not necessary to decide whether the allegations of the declaration as amplified by the bill of particulars filed would have been demurrable. They were in the most general terms and were vague and indefinite as to facts. They failed to furnish much information as to salient features of participation by these three defendants in a conspiracy to defraud. The defendants would be largely unenlightened as to the kind of evidence they must be prepared to meet. It was well within the power of the trial court

to order further and more pointed statement of details under all the circumstances here disclosed.

When the plaintiff declined to comply with the direction of the court, and stated that he did not desire further time, it was the duty of the court to proceed further. If the court does not possess the power to enforce its just order of this nature, it would be impotent in the face of a recalcitrant party. The making of an order without authority to enforce it would be a vain ceremony. The entry of a nonsuit is the appropriate means of dealing with a refusal to comply with such an order as this. *Babcock* v. *Thompson*, 3 Pick. 446, 449. *Stern* v. *Filene*, 14 Allen, 9. *Harding* v. *Morrill*, 136 Mass. 291. *Fels* v. *Raymond*, 139 Mass. 98. It was in accordance with Rule 6 of the Superior Court. See R. L. c. 173, § 68.

The proper way to bring before this court the questions here sought to be reviewed was by exceptions and not by appeal.

*Appeal dismissed.*

*Exceptions overruled.*

*H. N. Allin,* for the plaintiff.

*E. A. Whitman,* for the defendant.