CLEMENT S. DOWNING *vs.* ADELPHIA DOWNING & trustees.

Suffolk.    January 8, 1917. — May 24, 1917.

Present: RUGG, C. J., LORING, BRALEY, & CARROLL, JJ.

*Trustee Process,* Interrogatories.    *Practice, Civil,* Interrogatories.

The practice as to interrogatories to those summoned as trustees in trustee process is governed by R. L. c. 189, §§ 9–18, and not by St. 1913, c. 815, relating to the interrogating of an adverse party in an action at law or a suit in equity.

In an action begun by trustee process in which a savings bank is alleged to be a trustee, the plaintiff is entitled to have the trustee answer interrogatories propounded to determine whether the defendant four years and eight months before the date of the service of the writ had money on deposit with the alleged trustee either in his own name or in the name of some one else, and, if so, when it was withdrawn.

If a trustee summoned by trustee process, upon being ordered to answer certain interrogatories propounded to him by the plaintiff, answers one of them but leaves unanswered some of them which are germane to the issues between him and the plaintiff, it is proper to allow a motion that he be defaulted and adjudged a trustee for failure to answer the interrogatories.

CONTRACT, begun by trustee process, wherein the Boston Five Cents Savings Bank and Edith E. Wood were alleged to be trustees. Writ dated April 25, 1914.

The plaintiff propounded eleven interrogatories to the trustee Boston Five Cents Savings Bank. The treasurer answered the first two interrogatories stating his name and position with the bank. The other questions he refused to answer "unless so ordered by the court, believing the questions to be immaterial and improper."

The third and fourth questions asked whether the defendant was a depositor at the bank during August, 1910, and if so, when the amount then on deposit to her credit was withdrawn. The fifth and sixth questions asked whether the defendant in August, 1910, had an account with the bank in some person's name other than her own, and, if so, when it was withdrawn. The seventh, eighth, ninth and tenth interrogatories made similar inquiries as to amounts in the name of the defendant's husband and in the name of Edith E. Wood, the other alleged trustee.

The eleventh interrogatory asked whether or not Edith E. Wood was a depositor with the bank as trustee of the defendant at the time of service of the writ upon the bank.

On motion of the plaintiff, *Wait*, J., ordered the interrogatories answered. The corporation then answered the eleventh interrogatory "Yes," further stating that, at the time of the service of the writ there was a deposit with the bank of $21.38 in the name of Edith E. Wood, ".trustee for Delphy Downing."

A motion to default this trustee for failure to answer interrogatories 3–11 inclusive was heard and was allowed by *Wait*, J., who caused the entry to be made "Motion granted. Let trustee be defaulted and adjudged a trustee." On the same day the judge also allowed a motion to charge the same trustee in the sum of $21.38.

The trustee Boston Five Cents Savings Bank appealed.

*W. R. Evans, Jr.*, for the Boston Five Cents Savings Bank, submitted a brief.

*H. Lawrin*, for the plaintiff.

RUGG, C. J. Eleven interrogatories were propounded to the trustee. It answered two and refused to answer the other nine. On motion and after hearing an order was entered by the court

directing that the remaining interrogatories be answered on or before a certain date. The trustee then answered one further interrogatory and refused to answer the others. It was thereafter defaulted and adjudged a trustee for its failure to answer these interrogatories.

The practice as to interrogatories to those summoned as trustees in actions at law is governed by R. L. c. 189, §§ 9 to 18, and not by St. 1913, c. 815, enacted in substitution for R. L. c. 173, §§ 57 to 67, and c. 159, §§ 15, 16. A trustee is not ordinarily an adversary party and cannot be subjected to cross-examination. But he may be examined somewhat in detail in order to elicit facts tending to charge him.

Some at least of the interrogatories propounded in the case at bar were pertinent as calculated to show that under the cloak of the name of another the principal defendant had money on deposit with the trustee. It was germane to this line of inquiry to extend the questions to a period of time somewhat before the service of the writ. It is not necessary to determine whether all the interrogatories were competent which the trustee refused to answer. Those relating to the previous state of the account of the principal defendant certainly were, and the trustee's absolute refusal to answer covered these. While it is true that a trustee, having no interest in the action between the principal parties, is entitled to the protection of the court to the end that he is put to no excessive expense and trouble, *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384, yet he may be interrogated to a reasonable extent in order to ascertain the true state of the account between him and the principal defendant. The case is covered by *MacAusland* v. *Taylor*, 220 Mass. 265, and cases there collected.

*Order charging trustee affirmed.*