J. LAURA HOOTON, administratrix, *vs.* G. F. REDMOND & COMPANY, INC.

Suffolk. January 14, 1921. — March 2, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Interrogatories. Practice, Civil,* Interrogatories, Default, Amendment. *Judgment.*

If, after an order of the Superior Court that a defendant within a certain time shall answer interrogatories propounded by the plaintiff under St. 1913, c. 815, or be defaulted, no order being made that each interrogatory should be answered categorically, the defendant files a document which purports to contain in a single answer and an annexed tabulated statement answers to fifty interrogatories, an order, allowing a motion to default the defendant because he had neglected to answer forty-nine of the interrogatories, is erroneous if it is entered before there has been an adjudication that the answers filed are imperfect and before the defendant has been given an opportunity to amend them, even if it be inferred that in allowing such a motion the judge found the answers to be insufficient.

The entry of a default is not the equivalent of a final judgment.

It is within the power of the Superior Court to remove a default at any time before final judgment.

It is within the power of the Superior Court to allow an amendment to the writ in an action at law after the entry of a default and before the final judgment.

CONTRACT for $721.75 and interest, alleged to be the value of money and securities delivered by the plaintiff's intestate to the

defendant, a corporation which advertised itself as engaged in the business of purchasing and selling securities, for the purpose of buying and selling securities for his account, the plaintiff alleging that, in the course of her intestate's dealings with the defendant, numerous purchases and sales were "reported by the defendant to have been made on the plaintiff's intestate's account and numerous statements were sent by the defendant to the plaintiff's intestate advising him of purchases and sales purporting to have been made by the defendant on the plaintiff's intestate's account . . . that in truth and in fact the purchases and sales which have been heretofore reported as made in the plaintiff's intestate's interest by the defendant have not actually been made but that said purchases and sales so reported are fictitious, non-existent, and that the defendant has never bought or sold any securities for or on account of the plaintiff's intestate but has simply converted the said money and securities to his, the defendant's, own use." Writ dated February 13, 1920.

On March 11, 1920, the plaintiff filed fifty-one interrogatories to the defendant's treasurer. The first three interrogatories were as follows:

"1. Please state your name, address and business.

"2. State whether or not upon divers dates between the first of May, 1918, and the first day of September, 1919, you received from James R. Hooton certain cash and securities and if your answer is in the affirmative, state what cash and securities you so received and when you so received them. If you state that you did receive certain securities from one James R. Hooton, state what you did with the said securities and if you say you disposed of them state when and for how much in each case and what you did with the proceeds.

"3. State whether or not on or about the 16th day of May, 1918, you bought for or on account of James R. Hooton five shares of Davis-Daly Copper Co. and if your answer is in the affirmative, state

(a) Whether you received a certificate for the said five shares of Davis-Daly Copper Co. and if so, from whom.

(b) The number of the certificate.

(c) The name in which it stood.

(d) What disposition was made of the said certificate.

(e) The date of its sale.

(f) The address of the person to whom sold.

(g) The price at which sold.

(h) To whom and when it was delivered."

Each of the interrogatories numbered 4 to 24, inclusive, related to a described transaction in the purchase of a security on a designated date, and was in the following form:

"Please answer the same questions, namely, (a) to (h), inclusive, in regard to the purchase on or about . . . [a designated date] . . . of . . . [a described security]."

Each of the interrogatories numbered 25 to 50, inclusive, was substantially in the following form:

"State upon each day between . . . [certain designated dates] . . . inclusive, how many customers of yours who had bought certificates of stock in . . . [a described corporation] . . . upon margin were entitled to delivery of such certificates upon payment in full of the amount due and state whether or not upon each of those days you had within your immediate control certificates of that particular stock to an amount equal to that purchased at all times ready for delivery and how much of said stock you so had on each of those days and where each specific certificate of stock was."

Interrogatory 51 was as follows:

"51. State whether or not on or about the 15th day of April, 1919, you received on account of James R. Hooton fifty rights to subscribe to Island Oil Stock, so-called, and if your answer is in the affirmative, state from whom you received the said rights, the number of the certificate of the said rights, what you did with the said rights, and if you say you sold them, state to whom and for how much and in what way you were paid therefor."

On April 1, 1920, the plaintiff filed a motion "that the defendant be ordered to answer interrogatories heretofore filed," and on April 14 the court ordered the interrogatories answered within twenty days.

On June 11, 1920, the plaintiff filed a motion that the "defendant be defaulted for failure to answer interrogatories as ordered," and on June 25, the court ordered, "Motion allowed unless defendant files answers to the plaintiff's interrogatories within twenty days."

On June 25, the defendant's treasurer filed a document containing an answer to the first interrogatory, and, as the only answer to the remaining interrogatories, the following:

"2. The following schedule is supplied as answers to all of the succeeding interrogatories and states chronologically transactions of the plaintiff's intestate with the defendant company:—" The schedule which followed contained two tabulated statements. The first table was entitled "Bought" and contained twenty-three items, with five columns, the first column containing a date, the second a number of shares, the third the name of a corporation, the fourth a price per share and the fifth the name and address of a broker. The second table was entitled "Sold," and contained twenty-eight items giving similar information as to sales of securities.

On July 17, the plaintiff filed a motion, alleging that the defendant had "neglected and refused to answer the said interrogatories, having filed an alleged answer to two of the same out of a total of fifty-one which he was ordered to answer or stand defaulted," and moving "that the default hereinbefore provided for be entered forthwith." The motion was heard by *Wait*, J., and on July 28 it was allowed and the defendant was defaulted. The defendant appealed.

On September 13, a motion filed by the defendant on July 29 to remove the default, a motion filed by the plaintiff on March 1, to amend the writ by alleging that the defendant had a usual place of business in Boston, and a motion for judgment, filed by the plaintiff on August 21, were heard by *Lawton*, J., and by his order the motion to remove the default was denied and the motions to amend the writ and for judgment were allowed, and the defendant appealed.

*J. B. Studley*, (*E. E. Ginsburg & H. W. Holt* with him,) for the defendant.

*H. W. Ogden*, for the plaintiff.

RUGG, C. J. This appeal presents a question of practice respecting answers to interrogatories. The plaintiff filed interrogatories under St. 1913, c. 815, section 3 whereof provides that "If, within ten days after such notice [of the filing thereof] . . . the party interrogated does not answer the interrogatories, the court shall, upon motion, order the party interrogated to answer

such of the interrogatories as it finds proper." The defendant did not answer at all within the ten days, whereupon the court ordered the interrogatories answered within twenty days. There was no compliance with the order and thereupon an order was entered that the defendant be defaulted unless answers were filed within twenty days. On the day on which this order was entered the defendant filed two answers, the second of which stated that the "following schedule is supplied as answers to all of the succeeding interrogatories," and purported to contain a chronological statement of all transactions between the plaintiff and the defendant. Thereafter without further hearing upon the sufficiency of the answers, the defendant was defaulted and judgment ordered for the plaintiff.

Neither order was in terms that all the interrogatories, fifty-one in number, should be answered categorically. The question of the sufficiency of the answers was never specifically passed upon. It is to be inferred that by ordering the defendant defaulted they were found to be insufficient. But the defendant was given no opportunity to correct its answers and make them adequate. In this there was error. The case is within the authority of *Fels* v. *Raymond,* 139 Mass. 98. The point there settled was that after answers to interrogatories are filed, there must be an adjudication that the answers are imperfect and the interrogated party be given an opportunity to amend them, before nonsuit or default can be entered. In the particulars here involved, the present statute is not materially different from that then in force. A default might have been entered on failure of the defendant to comply with the first order in the case at bar; but that was not done. The defendant was given further opportunity and filed some answers. These should have been adjudged insufficient and the defendant given a chance to amend them before the case was ripe for default. This course in substance and effect was followed in *Downing* v. *Downing,* 227 Mass. 7, where, after having answered two interrogatories, the trustee was ordered to answer the remaining interrogatories. This was equivalent to an adjudication that the answers made were insufficient and that the other interrogatories must be answered. Advantage was not taken of the opportunity thus afforded, because only one of the remaining interrogatories was then answered. Manifestly this was trifling

with the order of the court and a default was held to have been entered rightly. *Nickerson* v. *Glines,* 220 Mass. 333.

The entry of default was not the equivalent of a final judgment. Removal of default before final judgment is within the power of the court. *Hurnanen* v. *Gardner Automobile Co.* 225 Mass. 189. A default in an action at law is somewhat similar to the entry of a decree in equity that the bill be taken for confessed. Neither is a final disposition. *Hutchins* v. *Nickerson,* 212 Mass. 118.

The allowance of the plaintiff's motion to amend her writ, although after the default of the defendant was before the entry of judgment and therefore within the power of the court. *West* v. *Platt,* 124 Mass. 353, 355. *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116. *Day* v. *Mills,* 213 Mass. 585, 587. *Neszery* v. *Beard,* 226 Mass. 332. *Noyes* v. *Noyes,* 224 Mass. 125, 135.

*Default removed.*
*Case to stand for further hearing.*