Pettingell, J.
This is an action of contract in which the defendant filed interrogatories to be answered by the plaintiff. The interrogatories as prepared and filed were twenty-seven in number; with the following possible exceptions each of the interrogatories was single in form and substance.
1. Please state your full name and address.
19. With reference to the error and mistake alleged in your declaration, please state in detail what it was, how it was made, when it was made, who made it, and when you discovered it.
*409 21. Please state whether the contract referred to in yonr declaration was oral or written. If you state the contract was in writing, please attach a copy thereof to your answer to these interrogatories. If you state the contract was oral, please state its terms and when and where it was made.. If you state the contract was partly written and partly oral, please answer accordingly.
22. Please state whether you claim Mr. Stretton did not perform all the work he was supposed to perform under the contract referred to in your declara^tion; and if so, please set out in detail what work you claim was not performed.
24. If your answer to interrogatory No. 23 is in the affirmative, please state how much you paid him, when, where, how, and to whom payments were made.
The defendant before filing these interrogatories did not first obtain permission of the court, nor show adequate cause for filing more than thirty interrogatories.
Within twenty days the plaintiff filed the following answer which was not sworn to.
“Bridget M. Gill 42 Prospect Street, Woburn, Massachusetts
“The plaintiff respectfully declines to answer any of the interrogatories as filed to her to answer unless ordered to do so by the Court on the ground that it appears that the defendant had filed without leave of the Court and without showing cause therefor more than the limited number of interrogatories including subdivisions thereof permitted to be filed under the interrogatory statute as amended.”
After due and proper notice to the plaintiff’s attorney, but in his absence, the defendant moved that the court order the plaintiff to answer all of the interrogatories except No. 1. The court entered the following order.
“The defendant’s motion for further answers allowed, answers to be filed on or before February 15,1936.”
*410 ‘The day following this order the plaintiff received notice of it and requested a report to the Appellate Division.
. February 18, 1936, the defendant without notice to the plaintiff, applied under Rule XIII A (District Court Rules, 1932 Ed. as amended January 20, 1934) for a nonsuit for failure to file answers as ordered. An order was entered on this application, nonsuiting the plaintiff, “nonsuit to be removed without further order if answers are filed within ten days.” The plaintiff was notified of this order the next day and on February 21,1936 duly made a request for a report.
'■ Under Gr. L. (Ter. Ed.) C. 231, §61, the defendant’s right to file interrogatories is limited, as to number, to thirty. If the plaintiff believed that the interrogatories as filed ex-céeded that number her remedy was to move to have the interrogatories dismissed. Bevmett v. Powell, 284 Mass; 246, at 248. The plaintiff, however, did not do this. She answered one interrogatory, No. 1, and refused to answer any others. She then continued in her refusal after the court’s order for further answers. The nonsuit which followed came in the regular course of events.
As there are two claims of report and two assignments o,f error, there are two distinct issues raised, the validity of the interrogatories filed, and the authority of the court to order a nonsuit for failure to answer.
The plaintiff’s status as an appellant, upon the first part of the case, depends wholly upon whether or not there ‘were more than thirty interrogatories in the set filed by the defendant. If there were not more than thirty, then the plaintiff in no event can justify her refusal to answer and cannot object to the nonsuit entered against her.
- If the defendant had first applied to the court for permission to file the interrogatories, the court could have author *411 ized the filing although the number exceeded thirty.. The statute does not prohibit the filing of more than that number but prohibits such filing without permission from the Court.
The plaintiff attempted definitely to raise the issue of the improper number of interrogatories by her “answer”. The defendant’s motion for further answers which followed the plaintiff’s answer brought the issue to the attention of the trial judge, and his order for further answers must be held to imply an authorization to the defendant to proceed with the interrogatories as they were prepared and filed. Hastings v. Merriam, 117 Mass. 245, at 251; Regan v. Keyes, 204 Mass. 294, at 305; Murphy v. Hanright, 238 Mass. 200, at 204.
If the determination of the number of interrogatories was a question of fact, then the plaintiff has no standing as an appellant; if the judge had authority to authorize the use of the interrogatories after they were filed, as distinguished from the authority which he had under the statute to authorize their filing, then again the plaintiff has no standing as an appellant.
It has already been pointed out that the plaintiff could properly have raised the issue of the improper character of the interrogatories by a motion to dismiss. Bennett v. Powell, 284 Mass. 246, at 248. It has been held that a refusal to compel answers to interrogatories is a matter subject to review, even after a trial of fact; Cutter v. Cooper, 234 Mass. 307, at 315; conversely, the law must be that an order for further answers must be subject to review, even after a trial of fact. Cunningham v. Lexington Trust Co., 259 Mass. 181, at 188.
Although the plaintiff did not file a motion to dismiss, she could have claimed a report on the order for further answers and then could have made the answers. That would *412 have raised in this court the issue whether the judge had authority to make such an order which would rest entirely upon the character of the interrogatories, Macausland v. Taylor, 220 Mass. 265, at 269, 270; Downing v. Downing, 227 Mass. 7, at 9. If the plaintiff had followed that procedure, the only issue before us would have been the propriety of the interrogatories. As it is now, we have not only that issue but a further issue whether the plaintiff’s complete refusal to answer puts her out of court regardless of the issue of the number of the interrogatories.
- When a ruling is made to which a party seasonably objects by exception or claim of report, he does not lose any rights by proceeding with the trial and accepting the ruling as the law of the trial. Walking v. Beers, 120 Mass. 548, at 550; Commonwealth v. Retkovits, 222 Mass. 245, at 253. It remains the law of the trial only until reversed. Cheshire National Bank v. Jaynes, 224 Mass. 14, at 19, 20. Where, as in the case at bar, the court has made an order which is necessary for the continuance of the trial and the party aggrieved refuses to comply with the order, despite the fact that she is amply protected by her right to carry h claim of'error to. an appellate tribunal, the only course open to the court is to proceed as against a contumacious party. “The entry of a nonsuit is the appropriate means of dealing with a refusal to comply with such an order as this * *' Nickerson v. Clines, 220 Mass. 333, at 334, 335.' As the court said in that case, at page 336, “If .the court did not possess the power to enforce its just order of this nature, it would be impotent in the face of a recalcitrant' party. The making of an order without' authority to enforce it would be vain ceremony.” :
: Whether • of not the plaintiff should be nonsuited for her failure to ánswer was, under the circumstances, purely *413 a matter of discretion, Stern v. Filene, 14 Allen 9, at 11; Wetherbee v. Winchester, 128 Mass. 293, at 295; Harding v. Noyes, 125 Mass. 572, at 573; Harding v. Morrill, 136 Mass. 291, at 291, 292; Fels v. Raymond, 139 Mass. 98, at 100. There being no contention of abuse of discretion, and no evidence of any such abuse, the plaintiff is not entitled to relief upon her claim of error as to the entry of the nonsuit, Nickerson v. Glines, 220 Mass. 333, at 334, 335, 336; Davis v. Boston Elevated Railway, 235 Mass. 482, at 496, 497; Telch v. Hamburger, 259 Mass. 21, at 22.
We have however, considered the other assignment of error, the alleged excessive number of interrogatories and do not find them to be in excess of thirty in number.
As numbered by the plaintiff, there are twenty-seven interrogatories, of which all but five are clearly single interrogatories. The first of these five asks for a statement of the plaintiff’s name and address. It may call for two associated facts but it is clearly one interrogatory. In the same way, the nineteenth interrogatory asks for the particulars of a mistake upon which the plaintiff relies. It calls for a statement in detail of “what it was, how it was made, when it was made, who made it, and when you discovered it.” The subject of the interrogatory is single, the mistake, and what is sought is information in detail regarding it. The prohibition of the statute is directed against interrogatories, not against the numbers of answers or parts of answers, which may be necessary in answering the interrogatory.
The remaining interrogatories are of the same character. Each asks about a single matter, but prescribes the detail of the answer. No one of them seeks information which is not properly a part of the one subject to which the interrogatory is directed. No one of them calls for *414 ati. .answer involving any matter relating to any other subject. Even if .the twenty-first interrogatory is to be treated as having subdivisions, there are still not more than thirty interrogatories. A direction to attach a copy is not an interrogatory.
No prejudicial error appearing the report is to be dismissed.