Pettingell, P. J.
Action of contract to recover an amount alleged to be due for groceries. The plaintiff’s declaration is for a lump sum of $484.56 “for groceries sold and delivered” without any statement of dates, articles or prices. The answer is a general denial, payment and the statute of limitations.
The defendant filed a “Motion for Further Particulars,” specifying as particulars to be furnished, an itemized account of the groceries alleged to have been sold, giving the date and price of each item.
The plaintiff filed “Further Particulars” in three items, as follows:
“December 24, 1933. Balance due for groceries sold by the plaintiff to the defendant.$510.56
“August 15, 1938. A credit for work done by the defendant on the plaintiff’s home ...............................25.00
*14 “May 18, 1940. A credit for cash paid by the defendant on this account.. 1.00 26.00
“Balance due after credits...............$484.56
“Interest on balance from December 24, 1933 to date...............................
“Total due............................ .”
After these particulars were filed the parties had a conference at the bench with the trial judge in which the plaintiff stated that he had no further record of the defendant’s account with him, it not having been practicable to keep a record of each and every item of purchases made by the defendant, the plaintiff keeping only a reord of the total of such purchases made.
The plaintiff stated, also, that the defendant admitted in a former action having received goods from the plaintiff to the value of about $400 and having paid $65.00 in 1932 or 1933. He stated, also, that in a letter dated, February 12,1942, from the plaintiff’s attorney to the defendant’s attorney, “the plaintiff advised the defendant of all items in the plaintiff’s possession.” The trial judge stated that the particulars filed were not sufficient particulars. He then allowed the defendant’s motion for further particulars. This was July 30, 1942. The plaintiff did nothing further. August 15,1942, the defendant filed a motion to nonsuit the plaintiff for failure to file “further proper particulars.” The motion was allowed, September 2,1942. The plaintiff, thereupon, filed a claim for a report, and a draft report which was duly allowed.
The plaintiff’s contentions are two in number, that the ease is not properly here, not being ripe for judgment when the report was claimed, and that the trial judge ruled, as law, that the particulars were not sufficient.
*15 That the case was ripe for judgment is settled by the opinion in Gill v. Stretton, 298 Mass. 342, in which the court said, at pages 344 and 345, “The entry of nonsuit made by order of the court was a final disposition of the case. . . . Report as to the correctness of that order was seasonably requested and properly made. That order was determinative of the action. ‘The judgment of nonsuit’ is a term frequently applied to the disposition of a case by nonsuit. . . . The case appears to be properly before us.”
Regarding the plaintiff’s other contention, that the trial judge committed prejudicial error by deciding that the “further particulars” filed were not, as law, a sufficient statement of a cause of action, there is nothing in the report which shows that he so acted. It shows that at the conference at the bench, before the nonsuit, he “ruled” that the particulars filed “were not sufficient particulars.” Nothing, however, indicates that he so ruled as matter of law, or because he did not believe the plaintiff’s statement regarding his inability to file further particulars, or as a matter of discretion. It is to be noted that it was stated to the trial judge that the plaintiff’s attorney had “advised” the defendant of all items of evidence in the plaintiff’s possession, but the report does not state that “advice” was any more or any less than what was contained in the further particulars filed.
The power to order particulars or specifications rests in the discretion of the trial court. Nickerson v. Glines, 220 Mass. 333, at 334, and cases cited. Telch v. Hamburger, 259 Mass. 21, at 22. “If the court does not possess the power to enforce its just order of this nature, it would be impotent in the face of a recalcitrant party. The making of an order without authority to enforce it would be a vain ceremony. The entry of a nonsuit is the appropriate *16 means of dealing with a refusal to comply with such an order as this.” Nickerson v. Glines, 220 Mass. 333 at 336. There can be no doubt of the authority of the trial judge to enter a nonsuit, in his discretion, for failure to comply with his order.
The plaintiff in his contention raised that the trial judge ruled as law that the further specifications were not sufficient, does not dispute the authority to order a nonsuit in a proper case, but maintains that here there was an abuse of discretion. The procedure chosen by him, however, is not sufficient or appropriate to raise that issue. The Appellate Division is constituted to pass on issues of law wrongly decided in the lower court. Matters of discretion are not reviewable. Harding v. Morrill, 136 Mass. 291. Nickerson v. Glines, 220 Mass. 330 at 335. If the issue here was a matter of discretion it cannot be reviewed.
The plaintiff now attempts to remove the discretion element of the case by assigning a question of law as the real issue passed upon, thus separating the law from the fact. Before a case properly can come to this Division such a separation must be made. Leshefsky v. American Employers Ins. Co., 293 Mass. 164, at 166, 167.
It must be made, however, in the District Court and the trial judge there must rule on it before it is reportable. Spencer v. Burakiewicz, 288 Mass. 83, at 85. Commissioner of Banks v. T. C. Lee & Co. Inc., 291 Mass. 191, at 193. Coleman v. Wallace, 299 Mass. 475, at 477.
An analysis of the situation in the District Court may be profitable. The trial judge ordered further particulars. The plaintiff filed the particulars quoted. Upon the defendant’s motion the trial judge again ordered further particulars. These were not given. Instead, the plaintiff claimed a report. Up to that time the case in the District Court was still open. The plaintiff could by a motion to *17 remove the nonsuit, accompanied by requests for appropriate rulings of law, adjudicate the very issue he attempts to raise now. His action, claiming a report and the filing of a draft report, ended all opportunity of further proceedings in that tribunal.
In Babcock v. Thompson, 3 Pick 446, at 491, the Supreme Judicial Court said,
‘ ‘ The question then is, whether the nonsuit was proper. A nonsuit should not be ordered without giving the party an opportunity to rectify a mistake. An insufficient declaration will be a ground for a nonsuit unless the plaintiff moves to amend and obtains leave. So in regard to a bill of particulars. ’ ’
In Stern v. Filene, 14 Allen 9, at 11, the court said,
“If he had, after denying the motion (for a nonsuit), compelled the defendant to go to trial without having the interrogatories answered the exceptions would have raised the question whether the defendant had not an absolute right to the answers before going to trial. But it does not appear that he did so, or that he would have refused a further continuance of the ease if the defendant had moved for it. For aught that appears, the defendant chose to go to trial without the answers, in preference to further- delay. The exception is overruled, on the ground that it was within the discretion of the presiding judge to overrule a motion for a non-suit at that time, and it does not appear that his ruling went beyond this.”
In Harding v. Morrill, 136 Mass. 291, the defendant filed interrogatories which the plaintiff failed wholly to answer and was nonsuited. The court said,
“If he objected to certain specific interrogatories, his proper course was to answer such as were pertinent, and take the judgment and ruling of the court upon such as he cláimed to be impertinent. He neg *18 leoted to answer any of the interrogatories and for this neglect it was in the power of the Superior Court in its discretion to order a nonsuit.”
In Fels v. Raymond, 139 Mass. 98, at 101, there is this language,
“If the answers are adjudged to be imperfect, the interrogated party ought to have an opportunity to amend them, after the particulars in which they are insufficient are pointed out. If he refuses to amend or to answer to the order of the court, a nonsuit or default may be entered.”
In Nickerson v. Glines, 220 Mass. 333, at 336, the court said,
“When the plaintiff declined to comply with the direction of the court and stated that he did not desire further time, it was the duty of the court to proceed further. . . . The entry of a nonsuit as the appropriate means of dealing with a refusal of such an order as this.” .
These cases make it apparent that the second order for further particulars was not the end of -the case in the District Court. It left the plaintiff with a choice of courses. He could file further specifications if that were a possible thing. If it were not possible, he could file a motion for the rémoval of the nonsuit, stating that he was unable to answer further, and asking the trial judge to rule that the particulars already furnished were sufficient, if proven, to éntitle him to recover. If he had done this he could have secured a ruling of law on the issue he now raises, that the trial judge was ruling as matter of law that the particulars disclosed failed to entitle him to a recovery, and thus could have separated the law from fact or discretion. *19 Leshefsky v. American Employers Ins. Co., 293 Mass. 164. In this way he could have determined what the trial judge had in mind by his ruling, whether the nonsuit was because the particulars filed were insufficient as matter of law to allow the plaintiff a recovery, or whether the nonsuit was for failure to comply with the court’s order. By claiming a report, forthwith, however, he left the matter wholly in the discretion stage.
No prejudicial error appearing, the report is to be dismissed.