Nash, J.
Contract on a promissory note alleging an unpaid balance due of $1,507.00. The defendant’s answer sets forth a general denial, payment, novation, estoppel, a special denial of the corporate existence of the alleged plaintiff demanding proof thereof, and a special denial of the defendant’s signature on the note and demanding proof thereof at the trial. The case has never proceeded to the point of trial on its merits and no evidence has been introduced.
The following interrogatories were propounded by the Plaintiff to the Defendant:
(1) Please identify yourself by stating your full name, age, residence, occupation, business address, giving city or town, street and number. Manuel A. Zervas; over 21; Riverside Drive, Dedham, Massachusetts; real estate; 4.72 Stuart Street, Boston, Mass.* (2) Have you and/or anyone on your behalf ever had any business dealings with the plaintiff corporation, Carlson Lumber Company, Inc., or Avith anyone on the plain *183 tiff’s behalf? Respectfully decline to answer unless ordered so to do by the Court. (3) If your answer to interrogatory No. 2 is in the affirmative please describe fully and in detail said business dealings in so far as they may concern the plaintiff’s declaration and any defense to this action. See answer to interrogatory No. 2. (4) Did you sign a note, the instrument, a photostated copy of ¡which is attached to the plaintiff’s declaration and marked Exhibit “A”! (The original instrument referred to is available for inspection during business hours at the plaintiff’s place of business.) Respectfully decline to answer unless ordered so to do by the Court. (5) If your answer to interrogatory No. 4 is other than “yes” please write your signature (your full name) four times on the lines below. See answer to interrogatory No. 4. (6) Have you done so? No. (7) If your answer to interrogatory No. 4 is in the affirmative, please state fully and in detail the circumstances under which you executed said note and delivered the same to the plaintiff corporation and/or anyone on the plaintiff’s behalf. See answer to interrogatory No. 4. (8) Please state fully and in as much detail as possible — (a) Whether you are indebted to the plaintiff corporation in any sum whatsoever? (b) How you arrived at your figure giving reasons therefor. This is a matter for determination by the Court and in view of the status of this case, I respectfully, decline to anstver unless ordered so to do by the Court. (9) What if any credits, allowances and/or deductions do you claim which have not been given you by the plaintiff’s declaration? I have questioned plaintiff’s corporate existence. (10) (a) Have you made any payment or payments on account for which you have received no credit? (b) If so please state fully and in detail as to each such payment, the amount, when, where and to whom made, (a) See answer to interrogatory No. 9. (b) See answer to interrogatory No. 9. (11) Have you ever stated to the plaintiff corporation, plaintiff’s agent and/or attorney that you owed the plaintiff the full amount of said note namely 41657.00 and would pay the same? No. (12) Please state whether or not you were at the office of Aborn & Aborn, 11 Pemberton Sq., Boston, Mass., on or about Monday, August 15,1949, and after a lengthy conversation promised to pay off the full amount of the indebt *184 edness within 30 or 60 days? Respectfully decline to answer unless ordered so to do by the Court. (13) Please state any other fact or facts known to you and not covered by the answers to the preceding interrogatories which are in any way relied upon by you as a reason or reasons for not paying the plaintiff the payment set forth in the plaintiff’s declaration? Respectfully decline to answer unless, ordered so to do by the Court on the ground that this is not a proper interrogatory and it calls for the disclosure of the defendant’s entire case and such a Question was never contemplated to be answered by the Statutes of the Commonwealth of Massachusetts relating to interrogatories.
The plaintiff filed a motion to require the defendant to further answer and the Court on April 11,1950, ordered the defendant to further answer interrogatories numbered 2, 3, 4, 7, 8, 9, 10, 11 and 12. The defendant seasonably claimed a report on the allowance by the Court of the plaintiff’s motion and without waiving his request for a report further answered the plaintiff’s interrogatories numbered 2, 3, 4, 7, 8, 9,10,11 and 12 as follows: (2) Not so far as I can now recall. (3) See answer to interrogatory No. 2. (4) I do not have the original note for comparison and have no way of knowing whether the photostat is a true facsimile of the note itself. Counsel has advised me that under the laws of this State relating to answering* interrogatories I am not required to travel to the office of counsel for the alleged plaintiff and the interrogatory not having-included sufficient information to guide me in determining* the relationship of the photostat to the original note, I do not feel that I can answer yes or no to this interrogatory and be bound, by such answer. (7) See answer to interrogatory No. 4. (8) Not so far as I know. (9) So far as this alleged plaintiff is concerned I claim a credit for the entire amount. (10) I do not consider that I am at all indebted to this alleged plaintiff. (11) Not to my knowledge. (12) Not so far as I can recall.
*185 Thereafter on April 28, 1950, the plaintiff filed a motion to default the defendant for failure to file proper answers to the plaintiff’s interrogatories numbered 4 and 10, in accordance with the order of the Court.
Over the defendant’s objections the Court on May 2,1950, allowed the plaintiff’s motion “as a matter of law” on the ground that interrogatories numbered 4 and 10 had not been answered and defaulted the defendant. The defendant duly requested a report on the allowance by the Court of the plaintiff’s motion.
The report recites that it contains all the evidence material to the question reported. The defendant claims to be aggrieved by the order of the Court directing the defendant to answer the plaintiff’s interrogatories and because of having a default entered against him for not having filed proper answers to interrogatories numbered 4 and 10.
It is exclusively within the discretion of the Court whether orders granting additional time should be given the interrogated party to file answers or further answers to interrogatories. Amherst and Belchertown Railroad Co. v. Watson, 8 Gray 529, 530, 531; Stern v. Filene, 14 Allen 9, 11; Harding v. Noyes, 125 Mass. 572, 573; Harding v. Morrill, 136 Mass. 291; Wetherbee v. Winchester, 128 Mass. 293, 295; Spinney v. Boston Elevated Railway, 188 Mass. 30, 36.
But if the interrogated party answers he should have an opportunity to have the sufficiency of his answers passed upon before being defaulted or non-suited and he should be given the chance to make his answers sufficient before such an entry should be made. Fels v. Raymond, 139 Mass. 98, 100, 101; Hooton v. G. L. Redmond & Co., Inc., 237 Mass. 508, 512.
But the record states that the decision of the trial judge was made as a “matter of law on the ground that interrogatories numbered 4 and 10 had not been answered.” The fact that the Court found that the interrogatories num *186 bered 4 and 10 “had not been answered” would doubtless be enough to show that the Court had passed upon the question of the sufficiency of the defendant’s answers but when it allowed the plaintiff’s motion to default the defendant as a “matter of law” that was the same as saying that he was required to come to the conclusion that he did.
There is nothing in the report to indicate that he felt he had any discretion in the matter, but on the contrary that he was compelled as a matter of law to grant the plaintiff’s motion defaulting the defendant. Such a conclusion was error and the error was prejudicial.
The default against the defendant is removed and the case is to stand for trial.

 Defendant’s answers to Plaintiff’s interrogatories are printed in italics following Plaintiff’s interrogatories.